379 So.2d 439 (1980)
MONEX CORPORATION and Maryland Casualty Company, Appellant,
v.
Jose MERCADO, Appellee.
No. QQ-120.
District Court of Appeal of Florida, First District.
February 5, 1980.
*440 Jerry V. Wilkey, Coral Gables, for appellant.
Arthur Newman, Miami, for appellee.
PER CURIAM.
Appellee, a machine shop operator, was injured in a compensable accident in 1975. He was treated by numerous physicians who gave differing impairment ratings, the highest being twenty-five percent permanent partial disability to the body as a whole. The judge of industrial claims found that appellee had suffered a thirty-five percent permanent partial disability, awarded temporary total benefits for a period of almost two years, awarded payment of certain medical bills, and held that attorney's fees were justified and a vocational counselor's fees should be paid by the appellants. Appellants challenge all these rulings.
We reverse the judge of industrial claims' finding of thirty-five percent permanent impairment. None of the physicians gave that high a rating, nor did the order state sufficient justification for the award; the order simply found thirty-five percent permanent partial disability "based upon [claimant's] present physical impairment." This statement does not reveal the rationale for the award, and we cannot find competent, substantial evidence to support it. Williston Welding Fabricating Co. v. Brooks, IRC Order 2-3167 (May 25, 1977). On remand, the judge of industrial claims should make findings based on the record.
We also reverse the finding of temporary total disability because the doctor who testified to a date of maximum medical improvement first said appellee had been temporarily, totally disabled but later corrected himself by stating that the disability during the time at issue was only partial. Generally, moreover, a claimant must make an effort to return to work before he can establish temporary total disability. Martin Marietta Corp. v. Johnson, 7 FCR 355, cert. denied 283 So.2d 557 (Fla. 1973). Appellee in this case did not attempt to work after his accident.
In their third point, appellants contend the judge of industrial claims erred in awarding payment to one of appellee's doctors and in ordering payment for "future medical care as is consistent with his injuries." There was evidence the doctor in question received authorization by telephone, so there was no abuse of discretion in finding the doctor's treatment reasonable and necessary. The provision for future medical care, however, failed to comport with the limitations of § 440.13(3)(b), Florida Statutes (1975), and is amended to reflect those limitations. See Luv Auto Sales v. Murphy, IRC Order 2-3567 (October 10, 1978), cert. dism. 373 So.2d 459 (Fla. 1979).
There was no error in the finding that attorney's fees were justified. The judge of industrial claims did not specify the amount of the fee, nor did he state what portion of the award the fee would be based on. Given the language of the order, appellee's attorney will have to establish the basis for a fee award, and the judge of industrial claims may, on the proof submitted, enter an appropriate order.
The order of payment for services by a vocational counselor, however, was erroneous. The appellants may not be taxed for charges other than the fee for the counselor's expert testimony. Rinker Materials Corp. v. Ingraham, IRC Order 2-3150 (April 29, 1977), cert. denied 362 So.2d 1053 (Fla. 1978).
Affirmed in part, reversed in part, and remanded for further findings consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.