382 So.2d 1368 (1980)
KEN LONES LANDSCAPING, INC., and Middlesex Insurance Company, Appellants,
v.
J.B. TUCKER, Appellee.
No. QQ-492.
District Court of Appeal of Florida, First District.
May 6, 1980.
*1369 H. George Kagan of Miller & Hodges, Miami, for appellants.
Mitchell J. Lipcon of Friedman & Lipcon, Miami, for appellee.
McCORD, Judge.
Employer/carrier appeals from an order of the Judge of Industrial Claims which awarded appellee Tucker temporary total disability benefits for 68 weeks and compensation for a 5% permanent impairment of the right hand. We affirm in part and reverse in part.
On July 3, 1974, Tucker was injured while working for employer, Ken Lones Landscaping, Inc., as a lawn maintenance man when he stuck the point of a yucca plant underneath his thumbnail. He received medical treatment for the puncture wound, but the wound failed to heal. On May 13, 1976, almost two years after the injury, Dr. Indgin first treated Tucker's still infected thumb wound without success. Over a year later, in July 1977, Dr. Indgin diagnosed a lesion in the wound which he found to be a carcinoma. Thereafter, he referred Tucker to a surgeon, Dr. Stokley, who excised the diseased tissue.
Until he had the surgery, Tucker had continued to work for employer. His duties included spraying chemicals on plants. Those chemicals would often drip into the thumb wound, causing further irritation therein. In response to questioning as to whether the carcinoma was caused by the initial puncture wound, Dr. Indgin testified:
Well, there is a good possibility. Not just the initial puncture wound, because people receive puncture wounds very frequently without cancer development, but the fact that there was chronic infection there. In other words, there was a puncture wound and that led to the infection, and the chronic infection over the period of years probably, in my opinion, led to the carcinoma developing.
Dr. Indgin also testified:
"It's hard to say whether the infection was the worst irritant or the foreign material from the splinter was the irritant."
On May 15, 1975, employer terminated its workers' compensation insurance through appellant/carrier. Dr. Indgin testified that the cancer probably did not form until three to six months prior to the diagnosis thereof (almost two years after termination of the appellant/carrier's coverage).
Tucker testified that he discussed the diagnosis of cancer in his thumb with his employer; that his employer advised him that he was covered by the employer's insurance and to proceed with the surgery. Tucker testified that he was out of work *1370 for 16 months following his surgery; that he attempted to find work, but potential employers insisted on seeing a release from the physician, which he did not obtain until November, 1978. However, his testimony indicated that he had worked "a day here and there" during those 16 months. Tucker also testified that he suffers a stiffness in his thumb, and he demonstrated to the Judge of Industrial Claims how that stiffness affects his grip.
In his order, the Judge of Industrial Claims found that the carcinoma was compensable and that employer/carrier is liable for the medical expenses and consequent impairment Tucker suffers. The Judge of Industrial Claims found that, in view of the testimony that Tucker is having some trouble with the use of his hand and in view of the fact that his nail had been removed and a skin graft applied, Tucker has a 5% physical impairment of his right hand. The Judge of Industrial Claims concluded that Tucker was out of work from July 26, 1977, to November 16, 1978, and, upon that finding, he declared that Tucker was entitled to temporary total benefits for that period of time.
Employer/carrier has raised the following four points in this appeal.
I. Whether the Judge of Industrial Claims erred in failing to find the claim barred by the running of the statute of limitations and in finding that treatment rendered by Drs. Indgin, Stokley, and South Miami Hospital was authorized.
II. Whether the Judge of Industrial Claims erred in finding the carcinoma causally related to the industrial accident of July 3, 1974.
III. Whether the Judge of Industrial Claims erred in awarding permanent disability to the right hand where injury was confined to the right thumb, a scheduled member for which permanent disability benefits are exclusively prescribed by § 440.15(3)(f), Fla. Stat.
IV. Whether the instant record fails, as a matter of law, to support an award of temporary total disability benefits from July 26, 1977, to November 16, 1978.
We affirm as to Points I and II. § 440.13(3)(b) and § 440.19(1)(a), Fla. Stat. (1977), provide that the statute of limitations for a workers' compensation claim is two years after either (a) the date of accident or (b) the last payment of compensation benefits or (c) the last remedial medical treatment furnished by the employer. In the instant case, no two-year period passed from the time of the accident until the time of the claim during which Tucker did not receive remedial medical treatment. Therefore, his claim was timely. Tucker's testimony is evidence that his employer was aware of the subsequent medical treatment he needed from Drs. Indgin and Stokley and from the South Miami Hospital due to the carcinoma and assured him that such treatment was covered. Further, Dr. Indgin submitted his bill and was paid by workers' compensation insurance. Those facts support a finding that the doctors and the hospital were authorized.
As to Point II, carrier argues that the evidence shows that the repeated exposure to the chemicals after the accident was the cause of the cancer; that since the cancer was obviously caused by factors occurring after termination of coverage by this carrier, this carrier is not responsible for benefits accruing as a result of the cancer. However, Dr. Indgin's testimony was competent, substantial evidence to support a conclusion that the carcinoma was a direct result of the initial wound and the subsequent lingering infection.
We reverse and remand on Point III. No evidence indicates that Tucker suffered an impairment to his hand that is greater than the usual hand impairment that results when a thumb is injured. Thus, the effect of the injury on the hand would have been covered by the scheduled compensation. The Judge of Industrial Claims should have limited the disability rating to the scheduled compensation for disability of the thumb itself as prescribed by § 440.15(3), Fla. Stat. Compare Little River Bank and Trust Co. v. Neal, 154 So.2d 809 (Fla. 1963), and Town Garage, Inc. v. Shoemaker, *1371 IRC Order 2-3448 (1978). The cause is remanded on this point for reconsideration of impairment based solely upon the scheduled injury to the thumb.
We reverse and remand also on Point IV. Tucker's own testimony established that he did work "a day here or a day there" during the time period from July 26, 1977, until November 16, 1978. Therefore, the Judge of Industrial Claims' finding that Tucker was temporarily totally disabled during that period directly conflicts with the evidence. We remand for reconsideration on this point.
Affirmed in part, reversed in part, and remanded for reconsideration in light of this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.