383 So.2d 1150 (1980)
SPERRY REMINGTON OFFICE MACHINES and Liberty Mutual Insurance Company, Appellants,
v.
Theodore M. STELLING, Appellee.
No. QQ-223.
District Court of Appeal of Florida, First District.
May 22, 1980.
Wendell J. Kiser and Robert C. Barrett of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Irvin A. Meyers of Meyers, Mooney & Adler, Orlando, for appellee.
*1151 MILLS, Chief Judge.
Sperry Remington Office Machines, the employer, and Liberty Mutual Insurance Company, the carrier, appeal from an order of a Judge of Industrial Claims, raising the following points:
I. The Judge of Industrial Claims erred in finding that the claimant reached maximum medical improvement on August 9, 1977.
II. The Judge of Industrial Claims erred in ordering the employer/carrier to pay the claimant for permanent total disability in that the employer/carrier had voluntarily accepted that degree of permanent disability.
III. The Judge of Industrial claims erred in finding the claimant's attorney entitled to a fee.
IV. The Judge of Industrial Claims erred in finding that $14,000.00 represented a reasonable fee for the claimant's attorney.
V. The Judge of Industrial Claims erred in admitting into evidence correspondence concerning proposed settlement negotiations between the parties.
VI. The Judge of Industrial Claims erred in finding the claimant's attorney to be entitled to reimbursement of costs.
We affirm on Points I, III, and V, and reverse on Points II, IV, and VI.
The Judge recited the following facts relevant to this appeal:
"The claimant was injured on June 6, 1974 and timely notice of the accident was given to the proper parties. At the time of his injury claimant's average weekly wage was $173.36, making his compensation rate $80.00 per week. Medical treatment and compensation payments were begun. Claimant made several attempts to return to work but has not worked since September, 1974. Claimant has been treated by a number of physicians for his back injury and evaluated by several other doctors including Dr. Goldner and his staff at Duke University Hospital. Claimant also had a psychiatric evaluation by Dr. Rodman Shippen and at Duke University Hospital, and has been receiving treatment by a psychologist, Edmund S. Bartlett, Ph.D.
"On October 1, 1975 the employer/carrier notified claimant by letter that they were accepting 20% permanent partial disability of the body as a whole effective September 25, 1975, based on a 20% anatomical rating by Dr. Young and concurred in by Dr. Stanford. The first payment on the 20% rating was made October 7, 1975.
On February 28, 1978 the employer/carrier offered to settle his case with the claimant but the claimant refused to settle and advised the carrier that he felt that he was 100% disabled.
"The claimant engaged the services of Irvin A. Meyers, Esquire, and on February 28, 1978 claim was made for permanent total disability benefits, and on May 17, 1978 application for hearing on permanent total disability or permanent partial disability benefits was made. Hearing on this claim was scheduled before the undersigned for July 13, 1978. On July 10, 1978 the attorney for the employer/carrier filed a motion for continuance of this hearing, which motion was granted, and hearing rescheduled to August 14, 1978. On July 14, 1978 the employer/carrier filed motion for compulsory rehabilitation evaluation. Both of these motions were granted. Subsequent to these evaluations and on August 12, 1978 claimant's attorney received a telephone call at his home advising him that the employer/carrier was accepting the claimant as being permanently and totally disabled."
Another relevant fact is that on August 9, 1977, Dr. Shippen wrote the carrier and stated that from a psychiatric viewpoint Stelling's prognosis was guarded and he recommended a lump sum settlement, noting that psychotherapy was not indicated at that time. Omitted from the order was the fact that on November 20, 1975, the employer/carrier began temporary total disability payments and continued those payments until it "voluntarily accepted" Stelling as permanently totally disabled.
*1152 There is substantial competent evidence to support the finding of the Judge on the maximum medical improvement date. Although there was conflicting evidence on this point, the Judge not only specifically noted which expert's opinion he accepted and which he rejected, he specified his reasons.
The second point on appeal reveals only a technical error by the Judge. The order directs the employer-carrier to "pay claimant for permanent total disability from his date of maximum medical improvement ... and continue to pay him on this basis for as long as he remains permanently and totally disabled." Since the employer-carrier voluntarily accepted claimant as being permanently totally disabled before the hearing and there was, therefore, no controversy between the parties on that point, the Judge should not have entered this adjudication. Broward Vending, Inc. v. Harrison, IRC Order 2-2821 (July 23, 1975) [9 FCR 266]. The transcript of the hearing reveals that the Judge did not view his order as constituting an adjudication, but we agree with the employer-carrier that the order does adjudicate and that this provision must be stricken.
The employer-carrier's contention that the attorney was not entitled to a fee because of its "voluntary acceptance" is without merit. As stated in Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970), and cited recently by this Court in C & S Packing Co. v. Driggers, Case No. QQ-427, opinion filed April 18, 1980, not yet reported:
"An employer who does not exercise his right to investigate, and who forces the burden of proving liability on the claimant to the extent the claimant requires assistance of an attorney for depositions or other actions, is not protected from payment of attorneys' fees by ignorance resulting from failure to investigate liability."
The facts of this case show such failure to investigate and accept the claim and we agree with the Judge's ruling that the attorney was entitled to a fee.
There is error, however, in the determination of the amount of the fee to be awarded. The Judge's order reveals that he failed to note the carrier's payment of temporary total disability from November 20, 1975, forward. He asserts in paragraph (5)(a) that "... the claimant would have received no benefits in addition to the 20% permanent partial disability benefits accepted if he had not been represented... ." and in paragraph (5)(b) in considering the benefits resulting to the claimant, he excludes the value of the 20% permanent partial disability rather than the temporary total disability. We find no error concerning the other factors considered by the Judge in setting the fee and challenged by the employer-carrier here.
We recognize that it is generally true that correspondence concerning settlement negotiations is not admissible, but it was properly admissible under the circumstances here. By the time of the hearing, the employer-carrier had accepted Stelling as being permanently totally disabled; thus the degree of disability was no longer at issue. The correspondence offered had probative value as to the question of whether or not the carrier had insulated itself from medical information and had failed to investigate the claim in a timely manner.
Finally, for the reasons stated on Points I and IV, we affirm the determination that Stelling's attorney is entitled to reimbursement for taxable costs. There is, however, no evidence to support any determination as to the amounts incurred. Thus, it is necessary to reverse as to the allocation of costs and to remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
McCORD, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See *1153 Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.