BOOTH, Judge.
This cause reoccurs following remand to the Deputy for reconsideration of a previous award of five percent permanent partial disability of the hand and 68 weeks of temporary total disability benefits. In Ken Lones Landscaping v. Tucker, 382 So.2d 1368 (Fla. 1st DCA 1980), this court ruled the disability should have been limited to scheduled compensation for disability of the thumb. This cause was also remanded for reconsideration of the award of 68 weeks of temporary total disability benefits, the court stating (382 So.2d at 1371):
Tucker’s own testimony established that he did work “a day here or a day there” during the time period from July 26, 1977, until November 16, 1978. Therefore, the Judge of Industrial Claims’ finding that Tucker was temporarily totally disabled during that period directly conflicts with the evidence. We remand for consideration on this point.
On remand, the Deputy awarded 50 percent permanent partial disability of the right thumb and 67 weeks of temporary total disability benefits.
On remand, the Deputy substantially increased the permanent partial disability award to the claimant from five percent of the right hand to 50 percent of the thumb. We affirm this award as within the province of the Deputy in consideration of the nature of the claimant’s employment, background and the Deputy’s own observation of claimant’s demonstrated disability. The award of temporary total disability benefits is reversed.
The facts showed that the accident occurred on July 3, 1974, when claimant, in the course of his employment as a landscape foreman, stuck the point of a yucca plant under his thumbnail. He missed no time from work for three years following the accident. Then, in July of 1977, surgery under local anesthetic was performed for removal of a squamous cell carcinoma under the thumbnail bed at the site of the old injury. Following a two-day stay in the hospital, claimant reported to work with his former employer, but learned that the business had closed down because his employer had suffered a heart attack. For 16 months *274 thereafter, claimant was without regular employment. During that time, claimant testified he was not “released” by his doctor. He testified: “Everywhere I would go, they couldn’t hire me until the doctor released me. I don’t know if they figured they would have problems with the insurance company or whatever, because I was still under a doctor’s care.” Claimant also testified that, during the period of alleged total disability, he worked with “Doral,” a lawn maintenance company “a day here or a day there if he [Doral] got into a bind.” Claimant himself did not testify that he was unable to work, nor was there medical testimony indicating incapacity to work. There was no evidence of medical treatment being provided during the 16-month period in question; but, based on claimant’s testimony that he had not obtained a release from his doctor until November of 1978, the Deputy determined that date as the termination point of temporary total disability.
Temporary total disability is a period during which a claimant is totally incapacitated from performing work due to a compensable injury. There is no automatic correlation between the date of maximum medical improvement or medical release and the end of temporary total disability. Capacity to return to work is the critical point. Ability to return to work, as opposed to the actual securing of employment, marks the termination of temporary total disability.[1] Florida Statutes § 440.15 provides benefits of sixty-six and two-thirds percent of the employee’s average weekly wage during the period of temporary total disability. Alpert pointing out that “this class of disability remains controlled by the disability concept rather than the so-called wage loss concept” states:[2]
Because the wage loss and physical impairment benefits are both low and uncertain, it is to be expected that there will be significant impetus by many persons in the workers’ compensation system for longer periods of payment of temporary total disability.
In a number of recent decisions, this court has found it necessary to reverse unsubstantiated awards of temporary total disability. Monex Corporation v. Mercado, 379 So.2d 439 (Fla. 1st DCA 1980); Dade County School Board v. Walker, 379 So.2d 1026 (Fla. 1st DCA 1980); Mora v. Max Bauer Meat Packing, Inc., 378 So.2d 119 (Fla. 1st DCA 1980); Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979).
The order here, finding claimant’s testimony of work “a day here and a day there” the basis for eliminating one week out of 68 weeks of temporary total disability previously awarded, overlooks the basic requirement of temporary total disability, to-wit: lack of capacity to work. Here, there was no evidence, lay or medical, of lack of capacity to work after July of 1977. On the contrary, claimant demonstrated his ability to work and testified to his availability for employment with Doral when needed.
Accordingly, the order below is affirmed in part and reversed in part, and the cause remanded for such adjustment of the award of attorney’s fees as may be required by the decision herein.
ERVIN, J., concurs.
JOANOS, J., concurs specially with opinion.

. Alpert, Florida Workmen's Compensation, § 11-3.

. Id. at 1979 Supp. at 23-24.