McCORD, Judge.
Appellants, employer/carrier, appeal from a workers’ compensation order awarding temporary total and permanent partial disability benefits to appellee/claimant. Appellee has raised one point on cross-appeal. We affirm in part and reverse in part.
*257 On June 9, 1978, the 60-year-old appellee injured his back in an industrial accident. Although he had suffered various injuries to his arm, foot, and back prior to the 1978 accident, he was able to maintain jobs involving heavy physical labor. His treating physician, Dr. Seig, testified by deposition that appellee reached maximum medical improvement on January 10, 1979, and sustained a 27% permanent partial impairment of the body as a whole, including the impairments resulting from the previous injuries which were not disabling prior to the 1978 accident. Dr. Seig testified that ap-pellee was temporarily totally disabled during three periods of hospitalization from June 1978 until January 1979 but that he was only temporarily partially disabled for the remaining time during that period.
With no evidence of a work search or an effort to return to work at any time, the deputy commissioner concluded that appel-lee was temporarily totally disabled during the entire period from June 1978 through January 1979 and awarded benefits accordingly. He further concluded that appellee sustained a 50% permanent partial disability based on loss of wage-earning capacity. Appellants assert that those findings are error. We agree.
In the absence of medical testimony of temporary total disability during the entire period from June 1978 through January 1979 and in the absence of evidence of an effort to return to work during that period, competent substantial evidence does not support the deputy commissioner’s finding of temporary total disability. Compare Martin Marietta Corp. v. Johnson, 7 FCR 355, cert. den. 283 So.2d 557 (Fla.1973), and Monex Corporation v. Mercado, 379 So.2d 439 (Fla. 1st DCA 1980). Further, since the only medical testimony indicated a 27% permanent partial disability and since no evidence of a work search was presented, the deputy commissioner erred in finding an increased disability based on loss of wage-earning capacity. Exxon Company v. Alexis, 370 So.2d 1128 (Fla.1978). Therefore, we reverse the finding of temporary total disability as to the entire period from June to January and remand for a determination of the proper periods of temporary total disability which are supported by the evidence. We also reverse the finding of 50% permanent partial disability and direct that an award of 27% permanent partial disability be entered in lieu thereof, such being the maximum permanent disability rating which is supported by the evidence.
We affirm the deputy commissioner’s denial of appellants’ claim for apportionment. Competent substantial evidence supports the deputy commissioner’s finding that appellee’s pre-existing disabilities had not manifested themselves prior to the 1978 accident and, therefore, apportionment would not be proper in this case. See Stephens v. Winn-Dixie, Inc., 201 So.2d 731 (Fla.1967).
Appellants contend that the deputy commissioner erred in awarding attorney’s fee's to appellee’s attorney. We reverse and remand on this question for reconsideration in light of the changes which will be made in appellee’s award.
As to appellant’s contention on cross-appeal that the deputy commissioner should have found him permanently totally disabled, based on his age, limited education and employment history, competent substantial evidence supports the deputy commissioner’s denial thereof.
Affirmed in part, reversed in part, and remanded for reconsideration in light of this opinion.
SHIVERS and JOANOS, JJ., concur.