ERVIN, Judge,
dissenting.
I respectfully dissent. The majority now reverses the d.c.’s order directing the e/c to pay claimant TTD benefits for a period of time slightly more than two months. I agree with appellant that the medical testimony alone was insufficient to support an award of TTD. Medical testimony, however, is not the only criterion in determining whether a work search is adequate. The rule is that in the absence of medical testimony showing a claimant’s inability to work, TTD benefits may yet be recovered if the claimant conducts a diligent work search revealing his or her inability to work. See Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981), and Stewart-Decatur Security v. Kropp, 396 So.2d 256 (Fla. 1st DCA 1979). It is true that the claimant in the case before us did not begin her work search by a return to her former place of employment, but I am unaware of any decision overturning a deputy’s finding of an adequate work search simply because the record on review revealed that the employee did not first return to work for his or her employer. Cf. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981), in which we held the evidence relating to a search was insufficient because the employee made no effort to return to any type of work, including that with her former employer.
I see no reason why, under the circumstances, an award limiting TTD to only nine weeks’ duration should be reversed since claimant testified that within a month following her injury, she applied for work at the local employment office, a place which presumptively should be capable of affording claimant with a greater number of employment opportunities than would only one prospective employer.
In my judgment, there is no broad rule which may be applied to any conceivable factual situation in every case. Each case must be judged on its own record. Some of the factors to be considered in determining the adequacy of a work search, when there is no supporting medical testimony, would include the length of the TTD award, and whether or not there were circumstances unrelated to a claimant’s purported physical limitations which resulted in his inability to find work or to hold a job. Given such an analysis, a TTD award of two years’ duration, if supported by evidence showing only one or two inquiries with potential employers, would no doubt be determined excessive, while an award more restricted in length might be sustained.
Although I agree that appellants may well be correct in their assertion that the evidence in the instant case would probably not satisfy standards that have been developed in determining the adequacy of a work search regarding permanent disability, see Spencer v. Chai Convalescent Home, Inc., IRC Order 2-2768 (April 21, 1975); Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975); Carol Nursing Home *283 v. Moore, IRC Order 2-3279 (November 21, 1977); City of Miami v. Watkins, IRC Order 2-3010 (July 29, 1976); Cook v. Hamilton County Board of County Commissioners, IRC Order 2-2984 (June 16, 1976), nevertheless, such rigorous standards are not in my judgment applicable to an issue involving the adequacy of a TTD work search. The purpose of a work search is not the same in all cases: the object of the permanent disability search is to establish a permanent loss of wage earning capacity; whereas the goal of a TTD search is to prove a temporary physical impairment. It therefore logically follows that the requisites of a satisfactory search for purposes of determining TTD are less stringent than its permanent disability counterpart.
Finally, I would not disturb the deputy’s implicit factual finding that the evidence in the instant case was credible and sufficient to establish a good faith work search, since such decisions are normally left to the informed discretion of the deputy commissioners. Cf. Pearson v. City of Miami Beach, 399 So.2d 1135 (Fla. 1st DCA 1981).
For the reasons stated, I would allow the deputy’s TTD award to stand.