MILLS, J.,
concurring in part; dissenting in part:
I agree with the majority that the deputy’s finding that claimant’s heart attack was compensable should be affirmed. Silvera v. Miami Wholesale Grocery, Inc., 400 So.2d 439 (Fla.1981), and Victor Wine and Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1961). Otherwise, I disagree with the majority and would reverse.
There is no direct medical testimony that claimant was totally disabled from 3 January 1978 to 20 June 1978. There is no evidence that he made a good faith work search for jobs within his physical limitations during that period. Therefore, I would reverse this finding on authority of Monex Corp. v. Mercado, 379 So.2d 439 (Fla. 1st DCA 1980).
The doctor admits that he did not comply with the reporting requirements of Section 440.13(1), Florida Statutes (Supp.1980). I would reverse the deputy’s requirement that the employer/carrier pay this bill because the deputy did not excuse the filing requirements as required by Section 440.13, Florida Statutes (Supp.1980).
A claimant cannot be found to be permanently totally disabled if he fails to make a good faith work search. Exxon Company U. S. A. v. Alexis, 370 So.2d 1128 (Fla.1978). In this case, claimant only sought three jobs as a delivery man which is clearly outside his doctor imposed physical limitations. I would reverse this issue because of this deficiency in claimant’s proof.