PER CURIAM.
Employer/carrier appeal from an order of the deputy commissioner awarding claimant a reasonable attorney’s fee, reimbursement for taxable costs, a penalty and interest. We affirm.
The deputy commissioner’s assessment against employer/carrier included an attorney’s fee for travel time incurred by claimant’s lawyer as well as travel expenses covering his plane fare and rental car. The deputy limited the taxability of travel expenses to the unique set of facts presented by the case, which he explained as follows:
Mr. Klemick [claimant’s attorney] tried to hire five different lawyers to handle the claimant’s case prior to traveling to Orlando and even prior to filing the claim. He was unsuccessful because of *436 the unique medical picture presented and the fact that under the present law the collection of an attorney’s fee was not assured, nor was the reimbursement of the costs. From my review of this file and my observations of the entire proceedings this was a case where the employer/carrier refused to pay a justified claim when they first became aware that it was justified, upon receipt of Dr. Fa-ber’s report. The new law is suppose [sic] to be self executing and it is suppose [sic] to avoid litigation. Everything the employer/carrier did in this case defeated both of these purposes. They refused to pay the benefits and they were the ones who forced this litigation.
The addition of travel expenses, long distance calls and other costs amounted to a total of $718.74 in taxable costs against employer/carrier. Because of the parties’ stipulations pertaining to the taxability of other costs, the only item in dispute before this court concerns the award of travel expenses to reimburse claimant’s attorney.
Section 440.34(3), Florida Statutes (1981), provides in relevant part:
If the claimant should prevail in any proceedings before a deputy commissioner or court, there shall be taxed against the employer the reasonable costs of such proceedings, ....
Since claimant prevailed in the proceedings before the deputy commissioner, the key question for this court’s consideration involves the reasonableness of the costs assessed against employer/carrier. Based upon the record of the pending case and the remedial purpose of the Workers’ Compensation Act, see Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981), and Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981), the costs appear reasonable in both source and amount. In Sperry Remington Office Machines v. Stelling, 383 So.2d 1150 (Fla. 1st DCA 1980), this court upheld a determination that the claimant’s attorney was entitled to reimbursement for taxable costs. The reasons underlying this decision included the fact that the substance of the deputy commissioner’s order was supported by substantial competent evidence and the employer/carrier failed to investigate and accept the claim and thereby forced the burden of proving liability on the claimant to the extent that he required an attorney’s assistance for depositions and other actions. These same factors formed the basis for the deputy commissioner’s order awarding travel expenses as taxable costs in the instant case. We therefore affirm the order on appeal.
AFFIRMED.
MILLS, ERVIN and WIGGINTON, JJ., concur.