PER CURIAM.
Appellant contends on appeal that the deputy commissioner erred in awarding claimant temporary total disability benefits from October 25,1980 to April 1, 1981. We agree with that contention and reverse.
The law pertaining to the requirement of a work search or the existence of medical evidence excusing same has been succinctly set forth in Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982). Claimant has neither engaged in a work search nor offered medical evidence that she was unable to work. Although we recognize that in proper circumstances, temporary medical or functional disability may be proven by lay testimony, Square G. Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982), a claimant’s bare complaints of pain so that she feels unable to work are insufficient to excuse a lack of work effort for more than five months, particularly where claimant was never medically advised not to work, due to the headaches of which she complained, for any duration of time other than the weekend of October 25,1980,[1] and failed to seek medical attention during the majority of that five-month time period.[2] Accordingly, the order of the deputy commissioner awarding claimant temporary total disability benefits from October 25, 1980 to April 1, 1981 is reversed.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.

. Dr. Stingo prescribed medication to claimant on October 24, advised her to rest over the weekend, and to let him know on the 27th whether the headaches had subsided. Because they had not subsided, Dr. Stingo performed a CAT scan, which was negative, on the 28th.

. Following the October 28th CAT scan, claimant did not return to any physician for examination or further testing until March 7, 1981. According to the claimant, the headaches ceased in mid-April, 1981.