SHIVERS, Judge.
In this workers’ compensation case, the employer/carrier appeal two orders of the deputy commissioner. Appellants contend that the deputy commissioner erred in adjudicating the issue of permanent total disability (PTD), in adjudicating the issue of entitlement to attorney’s fees based on bad faith without holding a hearing on that issue, and in finding bad faith. We affirm in part and reverse and remand in part.
Because the employer/carrier began to voluntarily make PTD payments after the first hearing in this case, the employer/carrier contend that the deputy commissioner erred in adjudicating the issue of PTD. We disagree with this contention. PTD was identified as an issue in the pretrial stipulation and the employer/carrier defended against this claim. Nowhere in this record does the employer/carrier stipulate that claimant is PTD. Even if the employer/carrier’s conversion of temporary total disability benefits to PTD benefits after the initial hearing could be interpreted as a stipulation to PTD, the deputy commissioner would still have discretion to include an adjudication of PTD in his order. Fairway Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982). Ardmore Farms v. Smith, 423 So.2d 1039 (Fla. 1st DCA 1982), relied upon by appellants, is distinguishable because PTD was never raised as an issue in that case, and the employer/carrier accepted claimant as being PTD prior to the hearing. Therefore, the order of November 14, 1983, awarding, inter alia, PTD benefits, is affirmed.
We agree with appellants, however, that the question of entitlement to attorney’s fees on the basis of bad faith was not specifically litigated as a separate issue as required by section 440.34(3)(b), Florida Statutes (1983). See Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981). The deputy commissioner did comply with that portion of the law, as amended in 1983,[1] which requires a separate order expressly stating the specific findings of fact upon which the determination of bad faith is based, but no separate hearing was conducted litigating the issue of entitlement to attorney’s fees. Although under Embry-Riddle a completely separate hearing is not required, unlike the situation in Embry-Riddle, the employer/ carrier here was not placed on notice at the hearing on the merits that entitlement to attorney’s fees would also be litigated during that hearing. Cf. Closet Maid Cory. v. Wilson, 429 So.2d 419 (Fla. 1st DCA 1983); Jess Parrish Memorial Hospital v. Layer, 420 So.2d 917 (Fla. 1st DCA 1982). Accordingly, the order of November 16, 1983, which awards a reasonable attorney’s fee based on a finding of bad faith, is reversed, and this cause is remanded to the deputy commissioner to conduct a separate fact-finding proceeding on this issue.
Because of our disposition of appellants’ second issue, we find it unnecessary to reach appellants’ third issue.
AFFIRMED in part; REVERSED and REMANDED in part.
MILLS and WIGGINTON, JJ., concur.

. Chapter 83-305, section 12, Laws of Florida (1983).