468 So.2d 1056 (1985)
UNITED TELEPHONE COMPANY OF FLORIDA and Royal Insurance Company of America, Appellants,
v.
James D. WOOTEN, Appellee.
No. AZ-476.
District Court of Appeal of Florida, First District.
May 13, 1985.
*1057 Albert M. Frierson of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Dudley Burton, Sanibel, for appellee.
JOANOS, Judge.
Employer and carrier contend the deputy commissioner improperly adjudicated the issue of entitlement to permanent total disability (PTD) benefits and awarded attorney's fees when the right to compensation was not controverted and the employer and carrier had voluntarily paid benefits before claimant Wooten filed his claim. We agree and vacate that portion of the order awarding PTD benefits and reverse the award of attorney's fees.
Wooten suffered an on-the-job back injury for which the employer and carrier voluntarily paid temporary total disability benefits. Wooten filed a claim for PTD benefits, but his treating psychiatrist, Dr. Than, testified that he had not reached psychiatric maximum medical improvement (MMI). The deputy commissioner found Wooten had yet to reach MMI and dismissed the claim without prejudice. When Dr. Than related to the employer and carrier that MMI had been reached, Wooten was voluntarily accepted as PTD and benefits were promptly paid. As found by the deputy commissioner, Wooten filed a claim for PTD benefits subsequently to the employer's and carrier's acceptance. At the hearing on the claim, Wooten's attorney clarified that the hearing would be on a petition for modification of the deputy commissioner's prior order. Wooten argued that his reaching psychiatric MMI was a change of condition which merited modification. Wooten testified that at no time had the employer and carrier refused to pay benefits. The deputy commissioner found that a petition for modification was not well taken, as the prior order was not an adjudication on the merits. It was pointed out that an adjudication of PTD would benefit Wooten, by its requiring a hearing for any future change. The deputy commissioner found Wooten to be PTD, ordered the employer and carrier to continue paying benefits, denied Wooten's petition for modification and awarded attorney's fees.
*1058 Given the voluntary acceptance of Wooten as PTD before he filed a claim and the continuous payment of benefits from the date of the accident, there was no controversy between the parties and the deputy commissioner should not have adjudicated claimant PTD. Ardmore Farms v. Smith, 423 So.2d 1039 (Fla. 1st DCA 1982); Sperry Remington Office Machines v. Stelling, 383 So.2d 1150 (Fla. 1st DCA 1980). Notwithstanding some of the language of Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1983), we are not prepared to undermine the self-executing nature of the Florida Workers' Compensation Law by condoning the adjudication of an issue not properly before the deputy commissioner. The Fair case is clearly distinguishable from this case where adjudication of claimant as PTD was the only issue, the employer and carrier began making PTD payments immediately upon notice that MMI had been reached and there never was a delinquency in payments, nor controversy as to the amount of payment.
The deputy commissioner properly denied the petition for modification. Wooten has shown no change in condition or mistake of fact which would alter the prior finding that he had yet to reach MMI at the time that the original claim was filed.
The award of attorney's fees has no basis. Section 440.34, Florida Statutes (1980) allows recovery of attorney's fees when the claimant successfully asserts a claim for medical benefits only, when the employer and carrier act in bad faith or when the claimant prevails on a controverted claim. None of the statutory requisites are present.
Accordingly, the denial of Wooten's petition for modification is affirmed, the award of attorney's fees is reversed and that portion of the order adjudicating Wooten PTD is vacated.
THOMPSON and ZEHMER, JJ., concur.