512 So.2d 952 (1987)
Eddie BROOKINGS, Appellant,
v.
HUNZINGER CONSTRUCTION and Aetna Life and Casualty, Appellees.
No. BM-374.
District Court of Appeal of Florida, First District.
June 2, 1987.
Rehearing Denied September 29, 1987.
*953 Patrick J. Malone, West Palm Beach, for appellant.
Janis Brustares Keyser of Reid & Ricca, P.A., West Palm Beach, for appellees.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order in which wage-loss benefits were reduced pursuant to the "deemed earnings" provision of Section 440.15(3)(b)2, Florida Statutes. Appellant asserts error in the deputy commissioner's application of the deemed earnings provision for months during which appellant conducted a good-faith job search. We agree.
The employer/servicing agent paid wage-loss benefits from June 1, 1985 through November 30, 1985. Claimant filed a claim for additional wage-loss or temporary total disability benefits for the period of October 16, 1984 through May 31, 1985, up to the period when wage-loss benefits were paid. Appellant also sought additional wage-loss benefits from July 1, 1985 through September 30, 1985, during which period wage-loss benefits were paid at a lower rate. The employer/servicing agent filed a notice to controvert, defending on the grounds that claimant failed to conduct a good-faith job search and had voluntarily limited his income. The employee/servicing agent defended the underpayment of wage-loss benefits on the basis that a credit had properly been taken for overpayment of temporary total disability benefits in 1984. At the hearing, the employer/servicing agent asserted that the concept of deemed earnings be applied to reduce the amount of wage-loss benefits. The deputy awarded claimant wage-loss benefits from October 16, 1984 through October 31, 1985. The deputy awarded an amount less than claimant had been receiving, based on his finding of deemed earnings and the application of that statutory provision.
In applying the deemed earnings provision of the Workers' Compensation Act, the deputy is required to find that the employee "voluntarily limits his or her income, or fails to accept employment commensurate with his or her abilities." In the case sub judice, the deputy did not specifically find that claimant voluntarily limited his income by failing to conduct a good-faith job search or failing to accept employment commensurate with his abilities. Moreover, there is proof of claimant conducting a job search for the months of June, 1985 through October, 1985. Claimant testified to conducting a job search during those periods, and the record contains completed job search forms for those months. Also, the employer/servicing agent paid wage-loss benefits for the months of June through October, 1985, and never specifically challenged the sufficiency of claimant's work search for those months. In reducing the amount of wage-loss benefits for the entire period of October, 1984 through October, 1985, the deputy stated that claimant conducted an adequate job search during some periods but had no legal excuse for not conducting a *954 job search prior to October, 1985. The deputy did not rule on whether the job search conducted by claimant prior to October of 1985 was inadequate.
Accordingly, it was error for the deputy to reduce wage-loss benefits on the basis of the deemed earnings provision of the Workers' Compensation Act for the months of June through October of 1985.
Under other circumstances it may be appropriate to remand for proper determination of this issue; however, we agree with appellant that the deputy had no jurisdiction to rule on the amount of wage-loss benefits paid for the months of June through October of 1985, because the parties stipulated that benefits had been paid for each of those months, the amount was uncontroverted, and claimant's work search was not challenged at the hearing. See United Telephone Company of Florida v. Wooten, 468 So.2d 1056 (Fla. 1st DCA 1985).
Accordingly, we reverse the deputy's order as to the reduction in wage-loss benefits for the months of June, 1985 through October, 1985.
REVERSED.
BOOTH, C.J., and JOANOS and NIMMONS, JJ., concur.