552 So.2d 1196 (1989)
Norris COLEMAN, Appellant,
v.
CHAMPION INTERNATIONAL INC. and Aetna Casualty & Surety Co., Appellees.
No. 88-3154.
District Court of Appeal of Florida, First District.
November 30, 1989.
Frank E. Maloney, Jr., Macclenny, for appellant.
Richard M. Stoudemire of Howell, Liles & Milton, Jacksonville, for appellees.
JOANOS, Judge.
Norris Coleman has appealed from an order of a Judge of Compensation Claims (JCC) denying in part his claim for temporary partial disability benefits. We reverse.
Coleman was working two full-time jobs at the time he was injured, as a school custodian and as a laborer for Champion International (Champion). On August 8, 1986, he injured his hand during his employment with Champion. Coleman returned to work on September 9, 1986, but only with the school. He remained in this employment posture until October 13, 1986, when his doctor returned him to full activity. Although he continued his custodial work after October 13, Coleman did not thereafter return to work for Champion, nor seek a second job elsewhere. It is undisputed that, at the time Coleman was medically released to full activity, Champion did not inform him of his obligation to perform a job search and submit wage-loss forms to preserve his eligibility for benefits.
*1197 Champion had ceased paying benefits when Coleman returned to the custodial job. The JCC held him entitled to Temporary Total Disability (TTD) benefits from September 9 to September 16, 1986, and to Temporary Partial Disability (TPD) benefits thereafter until October 13, 1986, finding that his employment during this period was sheltered, and that there was therefore no voluntary limitation of income. However, the JCC went on to find that Coleman's failure either to return to work for Champion, or look for another second job, after the October 13 medical release to full activity, constituted a voluntary limitation of income. TPD benefits were therefore denied after that date.
It is well-settled that a work search is not a prerequisite to receipt of benefits where the employer/carrier fail to advise the claimant of his obligation to perform a work search. Ninia v. Southwest Bottlers, 547 So.2d 966 (Fla. 1st DCA 1989). This is true despite the employee's knowledge that the treating physician has released him to full activity. See Griffith v. McDonald's, 526 So.2d 1032 (Fla. 1st DCA 1988) (the workers' compensation system is an employer/carrier monitored system, not a doctor monitored system). We therefore reverse the denial of benefits for the period October 13, 1986, to May 18, 1987, and remand for an award of benefits for that period.
WENTWORTH and THOMPSON, JJ., concur.