573 So.2d 383 (1991)
PAN AMERICAN WORLD AIRWAYS and GAB Business Services, Inc., Appellants,
v.
Eva MASH, Appellee.
No. 89-02612.
District Court of Appeal of Florida, First District.
January 15, 1991.
H. George Kagan of Miller, Kagan & Chait, P.A., Deerfield Beach, for appellants.
Jay M. Levy and Eric B. Sandler of Hershoff & Levy, P.A., Miami, and Henry E. Fierro, Miami, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims awarding temporary total disability (TTD) benefits, temporary partial disability (TPD) benefits, and wage-loss benefits. Employer and servicing agent (E/SA) argue (1) the awards of TTD, TPD, and wage-loss benefits are unsupported by competent, *384 substantial evidence, and (2) the judge erred in his determination of claimant's average weekly wage (AWW). We affirm in part and reverse in part.
In June 1987, claimant Eva Mash began work for the employer, Pan American World Airways (Pan Am) on a part-time basis to assist handicapped and minor passengers at the Miami International Airport. On August 3, 1987, she injured her lower back when she attempted to lift heavy luggage. Pan Am initially authorized treatment by Dr. Zimmerman, an occupational medicine specialist. Although Dr. Zimmerman diagnosed acute lumbosacral sprain, he observed no objective symptoms and released claimant to work on August 12, 1987.
When claimant returned to work, she was immediately terminated. After her termination, she contacted Pan Am to inquire about further care. She was informed that Pan Am was no longer responsible for her treatment.
Claimant filed her claim for benefits on September 30, 1987, and on that day went to see Dr. Engleman, a chiropractor. Dr. Engleman released claimant to work but imposed certain restrictions on her. Dr. Engleman found that claimant reached maximum medical improvement (MMI) on March 29, 1988, and on that date assigned her a permanent partial impairment rating of three percent. Dr. Engleman imposed the same restrictions upon claimant before and after MMI.
Claimant obtained new employment on January 3, 1988, and held this position for approximately two months. Thereafter, she held a series of part-time positions. In each of these positions she earned less than her AWW. The E/SA never informed claimant of her obligation to perform a work search.
At the hearing, claimant and her immediate supervisor testified that Pan Am had provided her with some used uniform parts but not a complete new uniform. The supervisor testified that a complete new uniform would cost approximately $500 to $600. Claimant testified that Pan Am also provided parking and shuttle transportation to the terminal where she worked.
The judge awarded TTD benefits from the date of claimant's injury to the date she first obtained reemployment, and TPD benefits from the date of first reemployment to March 29, 1988, the date of MMI. Thereafter, claimant was awarded wage-loss benefits. The judge accepted the testimony of Dr. Engleman regarding claimant's restrictions and impairment. He found that the E/SA never informed claimant of her obligation to conduct a work search and therefore excused claimant from this obligation until properly notified. In determining claimant's AWW, the judge added the value of airport parking, shuttle transportation and a complete new uniform.
We first consider the award of TTD benefits. The ability to return to work, as opposed to the actual securing of employment, marks the termination of temporary total disability. Xerographics and Claims Center v. Bender, 558 So.2d 514, 515 (Fla. 1st DCA 1990); Fair-Way Restaurant v. Fair, 425 So.2d 115, 117 (Fla. 1st DCA 1982); Ken Lones Landscaping v. Tucker, 395 So.2d 272, 274 (Fla. 1st DCA 1981). Dr. Zimmerman released claimant to work on August 12, 1987. Dr. Engleman, who first saw claimant on September 30, 1987, opined that claimant was capable of returning to work at all times during his treatment of her, with the limitations that he had imposed. The record contains no competent, substantial evidence that claimant, from August 12, 1987 forward, was unable to perform any work for remuneration. We therefore affirm the award of TTD benefits from August 3, 1987, the date of injury, to August 12, 1987, the date of release to work, but reverse the award of TTD benefits from August 12, 1987 forward.
The next issue is whether the judge could lawfully award TPD benefits from August 12, 1987 to the date of MMI, and wage-loss benefits thereafter. The E/SA concede that this court's holding in Coleman v. Champion International, Inc., 552 So.2d 1196, 1197 (Fla. 1st DCA 1989), *385 would allow such an award. In Coleman, this court held that the performance of a work search is not a prerequisite to the receipt of benefits if the employer fails to advise the claimant of his obligation to perform the search. Because the workers' compensation system is an employer/carrier-monitored system and not a doctor-monitored system, the rule applies despite the employee's knowledge that the treating physician has released him to full activity. Coleman at 1197, citing Griffith v. McDonald's, 526 So.2d 1032, 1033 (Fla. 1st DCA 1988). We see no reason to revisit our holding in Coleman, which is controlling here.
Finally, we turn to the issue of whether the judge erred when he included the costs of parking, shuttle transportation, and claimant's uniform in his determination of claimant's AWW. Section 440.02(21), Florida Statutes (1987), defines "wages" to include "the reasonable value of board, rent, housing, lodging; employer contributions for uniforms or cleaning allowances; ... [and] any other consideration received from the employer." The term is not construed to include a make-whole reimbursement for uniquely work-related expenses which are created by and within the employment. Layne Atlantic Company v. Scott, 415 So.2d 837, 839 (Fla. 1st DCA 1982); compare Bright v. City of Tampa, 546 So.2d 1122, 1124 (Fla. 1st DCA 1989). The costs of parking and shuttle transportation should not have been included in claimant's AWW, since these expenses were unique to claimant's employment at the Miami International Airport, are no longer incurred by claimant, and their loss causes no economic detriment to claimant.
The judge correctly included claimant's uniform in his determination of her AWW; however, the judge's calculation of the cost of claimant's uniform is not supported by competent, substantial evidence. Both parties agreed that claimant was given not a complete new uniform but, rather, some used pieces consisting of a $97 blazer, a $45 skirt, and an $18 blouse. We reject the E/SA's argument that claimant's uniform, because used, had no cost to the E/SA within the meaning of Section 440.02(21), Florida Statutes.
In summary, we affirm the award of TTD benefits from the date of injury to the date of claimant's release to work. However, we reverse the award of TTD benefits from the date of release forward with directions on remand to modify the nomenclature of the award to reflect TPD benefits through the date of MMI. We affirm the award of wage-loss benefits. Finally, we reverse the determination of claimant's AWW and remand with directions to redetermine claimant's AWW in a manner consistent with this opinion.
SHIVERS and WOLF, JJ., concur.