PER CURIAM.
Maria Castro (claimant) appeals from a final order of the judge of compensation claims (JCC) dismissing the claim for benefits. The claimant asked for a determination of the correct date that claimant became permanently and totally disabled (PTD), as well as payment of supplemental benefits from the date of PTD. The JCC determined that she was without jurisdiction to adjudicate the permanent total disability claim because Fellsmere Management and Nationwide Insurance Company (E/C) accepted the claimant as PTD prior to the claim being filed. Claimant asserts that the JCC erred in dismissing the entire claim, and that she was entitled to have her claim for supplemental benefits adjudicated in accordance with Florida Ins. Guar. Ass’n v. Renfroe, 568 So.2d 962 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1308 (Fla.1991). We agree.[1]
The E/C asserts that since there was no dispute concerning claimant’s status as PTD, the JCC lacked jurisdiction to adjudicate the claim. The E/C relies on the cases Ardmore Farms v. Smith, 423 So.2d 1039 (Fla. 1st DCA 1982); United Tel. Co. of Florida v. Wooten, 468 So.2d 1056 (Fla. 1st DCA 1985); and Sperry Remington Office Machines v. Stelling, 383 So.2d 1150 (Fla. 1st DCA 1980). The E/C acknowledges, however, that there was a dispute between the parties concerning when the claimant became entitled to supplemental benefits.[2] In the cases relied on by the E/C, there was no indication that a bona fide dispute concerning benefits existed. Those cases are, therefore, inapplicable. Where there is a dispute concerning entitlement to benefits, the JCC has full power and authority to hear such claims. See § 440.25(1), Fla. Stat. The JCC, therefore, erred in dismissing the claim.
Reversed and remanded with directions that the JCC consider the claim for supplemental benefits in accordance with the dictates of Renfroe, supra.
BOOTH, WOLF and KAHN, JJ., concur.

. It should be noted, however, that the dispute concerns entitlement for past supplemental benefits and that both parties agreed that the E/C voluntarily paid PTD benefits as well as supplemental benefits from January 1, 1990.

. The PTD date is critical in determining entitlement to supplemental benefits in accordance with Renfroe.