KAHN, Judge.
Eastern Airlines and Travelers Insurance Company, the employer and carrier (E/C) in this workers’ compensation case, seek review of several portions of a compensation order. The portion of the order reauthorizing Dr. Vied as treating physician and requiring E/C to pay certain outstanding bills from Dr. Vied is supported by competent substantial evidence and affirmed. The portion of the order limiting the E/C’s ability to recoup certain compensation payments made to ap-pellee Lee Ann Warner must be reversed because the only evidence indicates that Warner collected temporary total disability benefits during a 126-week period when she was in fact employed.
Warner worked as a flight attendant for Eastern Airlines. While still working for Eastern, she obtained a real estate license and began working as a real estate salesperson in the Atlanta area in 1983. After a compensable injury she continued to work in real estate until 1989. Before 1989, however, she drew from E/C, at the minimum, 126 weeks of temporary total disability benefits. In January of 1989, during the course of Warner’s deposition, E/C learned for the first time that Warner had been working as a real estate salesperson since 1983. Thereafter, E/C initiated a recovery of overpaid temporary total disability benefits by deducting $100 per week from Warner’s wage loss, until such time as $20,000 had been recovered. The $20,000 figure selected by E/C is actually less than the temporary total disability benefits paid Warner during the time she worked as a real estate salesperson.
In the order under review, the JCC addressed the question of E/C’s entitlement to recoup a portion of the temporary total disability benefits. The JCC found that during the period in question, claimant received real estate commissions on 10 different occasions. He further reasoned that each of these commissions, if paid in a single week, would have been sufficient to eliminate claimant’s entitlement to temporaiy total or wage loss benefits for that week. The JCC then concluded that temporary total benefits were wrongfully paid for 10 weeks, and thus allowed E/C a credit for an overpayment in the amount of $2,710.00, which represented 10 weeks at Warner’s compensation rate of $271 per week.
The JCC erred in limiting the reimbursement of overpayment to $2,710.00. Warner was not merely overpaid during her period of temporary total disability; she was not entitled to temporary total disability benefits at all for the period of time during which she demonstrated an ability to work and availability for employment. See Pan American World Airways v. Mash, 573 So.2d 383 (Fla. 1st DCA 1991). In Ken Lones Landscaping v. Tucker, 395 So.2d 272, 273 (Fla. 1st DCA 1981), claimant, although not released to work, worked for a lawn maintenance company “one day here or a day there.” Based on this testimony, the JCC offset one week out of 68 weeks of temporary total disability previously awarded. This court reversed, holding that the basic requirement of temporary total disability is lack of capacity to work. The court noted that this class of benefits remains controlled by the disability concept rather than the wage loss concept. Id. at 274. In the present case, Warner clearly had the ability to do some type of work based upon the unrefuted evidence that she worked as a real estate agent until 1989 and earned commissions during that time. She was not, therefore, eligible for temporary total disability benefits. Because E/C had no knowledge that Warner had a job and was able to work, the overpayment of benefits had a reasonable basis and E/C was entitled to an offset. Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). The JCC erred by calculating an offset strictly based on the receipt of 10 commissions. The focus should have been upon Warner’s ability to work. Since the amount of overpayment sought by E/C is less than the temporary total disability benefits actually paid during the time of Warner’s employment in real estate, E/C is entitled to recoup that amount.
AFFIRMED in part, REVERSED in part.
BARFIELD and ALLEN, JJ., concur.