SMITH, Senior Judge.
Kim McDowell, the Appellant, raises five issues on appeal from an order of the Judge of Compensation Claims. Finding competent and substantial evidence in the record to support all but one of the challenged findings, we affirm the order under review except its denial of temporary partial wage loss benefits from May 4, 1990 to December 20, 1991, which we reverse and remand for reconsideration.
Florida Power Corporation (FPC) employed McDowell at the time of the injury as a casual laborer. McDowell was injured at work while on a scheduled break when a fellow employee pulled from under her the chair in which she was attempting to sit, causing her to fall on the concrete floor. While being treated for her injury, McDowell continued to work for FPC until December 22, 1989 when she was released as part of a general layoff. FPC rehired McDowell on January 8, 1990 to perform casual labor and released her again five days later. FPC again rehired McDowell on February 26 1990 to work in its coal yard as a temporary laborer until May 4, 1990. During this final period of employment, McDowell spoke with FPC’s Human Resources Representative concerning her injury and requested payment for her treatment with Dr. Ball, a chiropractic physician.
Although it is not clear when McDowell hired counsel in this matter, she filed a claim for benefits on October 2, 1991. McDowell testified that she was not aware of the obligation to perform a work search until her attorney informed her. After being informed by her attorney of her obligation to perform a work search, McDowell did so and submitted forms therefor beginning December 21, 1991.
Following a hearing on this matter, the JCC found that McDowell suffered a com-pensable occupational injury from which she reached MMI on February 13, 1992. The JCC’s findings in this regard are supported by competent and substantial evidence in the record. Upon these findings the JCC awarded, inter alia, temporary partial disability benefits from December 21, 1991 through February 13, 1992, the date McDowell reached MMI. The JCC found no entitlement to benefits prior to December 21, 1991 since no forms had been filed prior to that date.
A claimant is excused from the obligation to undertake a good faith work search and to submit requests for temporary partial wage loss benefits where the employer or carrier fails to advise the claimant of the obligation in this regard. Scott v. Bisanti Services, Inc., 634 So.2d 292 (Fla. 1st DCA 1994); Turner v. Rinker Materials, 622 So.2d 80 (Fla. 1st DCA 1993); Coleman v. Champion International, Inc., 552 So.2d 1196 (Fla. 1st DCA 1989); DeFrees v. Colt & Dumont, 483 So.2d 848 (Fla. 1st DCA 1986). Insofar as the denial of wage loss benefits from May 4,1990 through December 20,1991 was based on McDowell’s failure to submit work search forms for that period, the order does not accord with settled law.
The JCC’s order also found no entitlement to benefits prior to December 21, 1991 because “no physician was of the opinion the claimant had limits on her activities.” We find that the JCC evidently overlooked the testimony of Dr. Ball that during the time he treated McDowell, from November 29, 1989 through April 3, 1992 he did not think that “she could have returned to the job that she was doing.” Dr. Ball also stated that his records for November 11, 1991 reflect his notation, “no work until further notice.” In light of Dr. Ball’s unrefuted testimony, the JCC’s finding in this regard is not supported by competent and substantial evidence.
We therefore reverse the denial of benefits and remand for a reconsideration of the claim for temporary partial wage loss benefits for the period of May 4, 1990 through December 20, 1991.
BARFIELD and ALLEN, JJ., concur.