MILLS, Judge.
The employer appeals and the claimant cross appeals a workers’ compensation order which determined the date of maximum medical improvement (MMI), awarded temporary total disability (TTD) benefits through the date of the hearing and continuing, and awarded permanent partial disability (PPD) benefits. We reverse.
In separate compensable accidents in 1978, Woods injured his right knee. In April 1979, Dr. Parr surgically corrected tears in the cartilages of the knee. Parr placed MMI in August 1979 and discharged Woods.
Dr. Marsh treated Woods from October to December 1979. He placed MMI before October 1979. He released Woods for work with a 10% permanent impairment in November 1979.
In August 1980, a Veteran’s Administration physician prescribed a Lennox-Hill brace but the Veteran’s Administration would not provide the brace.
On 8 October 1980, Woods was examined by Dr. McLear. Dr. McLear felt that a Lennox-Hill brace would return Woods to full productivity. McLear would not specify a date for MMI because of potential surgery but thought Woods fully recovered from the former surgery. The order identified MMI as having been reached on 8 October 1980, the date of McLear’s examination.
Both parties challenge this date of MMI as not supported by the record. We agree.
Nothing was done by McLear that can be identified as changing the status of Woods from “healing” to “no further improvement reasonably anticipated.” McLear did not identify the date of MMI. The only medical testimony naming a date for MMI was that of Parr and Marsh identifying August or September 1979. The selection of either of these dates would have been supported by the record.
Woods argues on cross-appeal that the date of provision of a Lennox-Hill brace is the only date supported by the evidence.
Weighing the evidence is the prerogative of the trier of fact and not appellate courts, so we remand for the deputy to select a date of MMI based on the record.
The award of TTD after the date of MMI was error, Corral v. McCrory Corp., 228 So.2d 900 (Fla.1969); Broward County v. Damore, 391 So.2d 286 (Fla. 1st DCA 1980). After finding the date of MMI, the deputy commissioner shall award temporary disability benefits till the date of MMI and permanent benefits thereafter.
REVERSED and REMANDED.
LARRY G. SMITH and SHAW, JJ., concur.