WIGGINTON, Judge.
In this workers’ compensation appeal, the claimant has raised three points for our review. We affirm the deputy commissioner’s order not requiring the employer/carrier to pay for claimant’s medical treatment administered by an unauthorized physician or claimant’s transportation to and from that physician’s office.
Claimant’s remaining issue questions whether the deputy commissioner erred in denying claimant temporary total disability benefits by finding that maximum medical improvement was reached on December 31, 1980, and that claimant’s medical condition had not significantly changed since that date. Our review of the record leads us to the conclusion that the deputy did err.
There is no competent substantial evidence in the record to support a finding that claimant’s status changed from “healing” to “no further improvement reasonably anticipated” on December 31, 1980. Sunland Training Center v. Woods, 413 So.2d 161 (Fla. 1st DCA 1982). On the contrary, two physicians testified as to dates long before the one chosen by the deputy, while two other physicians testified that claimant had not yet reached MMI as of the date of the hearing on January 8, 1982. Interestingly, one of the latter physicians was one ordered by the deputy to treat claimant in order to settle inconsistent medical evidence, and both latter physicians were those on whose testimony the deputy based her finding of MMI.
It would appear from the record that the only significance of the date, December 31, 1980, was that it was the date on which the employer/carrier voluntarily ceased payment of temporary total disability payments to claimant.
We therefore reverse and remand to the deputy to make a redetermination of MMI based on competent substantial evidence. The deputy may take additional evidence to facilitate a proper determination in this regard.
SHIVERS AND SHAW, JJ., concur.