483 So.2d 848 (1986)
Wanda DeFREES, Appellant,
v.
COLT AND DUMONT/HIT SALES and Hartford Insurance Company, Appellees.
No. BG-392.
District Court of Appeal of Florida, First District.
February 27, 1986.
Drew Tanney of Tanney, Forde, Donahey & Eno, P.A., Clearwater, for appellant.
Marian P. McCulloch of Jacobs, Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., Tampa, for appellees.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
By this workers' compensation appeal, DeFrees complains of the deputy commissioner's order finding her job search between 8 August 1983 and 17 September 1984 was inadequate, when she was not informed by the employer/carrier of her obligation to supply job search records. We reverse.
The evidence in the record is uncontradicted that DeFrees was never informed of her duty to conduct a work search or of her duty to document that search by the employer/carrier. Accordingly, she argues her inability to be more specific regarding details of her work search should be excused. The employer offers two lines of defense against this argument. First, because the record shows that it sent out a standard form letter, it acted reasonably. However, the confusing language of this letter makes no mention of the requirement under Chapter 440 of a documented work search.
Alternatively, the employer contends that it was not put on sufficient notice that DeFrees was out of work, and thus should be excused for not making the necessary information available to her. The record refutes this argument. DeFrees made several phone calls to the carrier informing them of her status and followed them up with letters. Further, the carrier received letters from two different physicians informing them that DeFrees could no longer work for the employer and that she continued to suffer from bronchitis problems.
In his order, the deputy states:
Although the Florida District Court of Appeal has held that the failure of the employer/carrier to provide temporary partial disability or wage loss forms can be grounds to excuse the late filing of the forms, the Appellate Court has not gone so far as to hold that a failure of the employer/carrier to notify the claimant of the job search requirement is grounds for excusing the necessity of conducting a good faith job search.
The case at bar requires the court to take this extra step. Sections 440.185(2)(e) and (4), Florida Statutes (1979), both make clear mention of the employer's and the division's duty to mail to injured employees an informational brochure setting forth in "clear and understandable language" a summary of that worker's "rights, benefits, and obligations" under the Workers' *849 Compensation Law. Moreover, as was stated in Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), a case dealing with the premature termination of temporary total disability benefits by the employer:
In these circumstances the employer's duty was at the very minimum to provide the still healing and still unemployed worker with forms for use in furnishing information pertinent to possible temporary partial disability benefits. Fla. Admin. Code R. 38F-3.19.
REVERSED.
ERVIN and WIGGINTON, JJ., concur.