491 So.2d 312 (1986)
Sandra MORRIS, Appellant,
v.
METAL INDUSTRIES, Hewitt, Coleman & Associates, Appellees.
No. BI-188.
District Court of Appeal of Florida, First District.
July 9, 1986.
Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellant.
Peter H. Dubbeld and Dennis A. Palso of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellees.
WIGGINTON, Judge.
We affirm the deputy commissioner's denial of temporary total disability benefits, as the record supports the finding that claimant was capable of performing at least light duty work. However, we reverse the order insofar as it denies the claim for temporary partial disability benefits.
In this case, the employer/carrier failed in their duty to inform claimant of her "`rights, benefits, and obligations' under the Workers' Compensation Law." DeFrees v. Colt and DuMont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986). The failure of the employer/carrier to notify the "`still healing and still unemployed'" claimant of the job search requirement after terminating temporary total disability benefits is grounds for excusing the necessity of conducting a good faith job search. DeFrees. The fact that claimant was later advised by counsel to conduct a job search is irrelevant, as the "Workers' Compensation Act  in its day-to-day operation is intended to be  beyond all else  quintessentially an employer-carrier monitored system, rather than a claimant-attorney monitored system." Barnes v. PCH Walter T. Parker, 464 So.2d 1298 (Fla. 1st DCA 1985).
Accordingly, that portion of the order denying temporary partial disability benefits is REVERSED, and the cause is REMANDED to allow claimant to submit the proper wage-loss forms for the period November 30, 1983, until she returned to work in November, 1984. Cf. Bay Steel Erections v. Chung, 458 So.2d 31 (Fla. 1st DCA 1984).
SMITH and JOANOS, JJ., concur.