ERVIN, Judge.
The claimant appeals the order of the deputy commissioner (dc) denying temporary total disability (TTD) and temporary partial disability (TPD) benefits. The dc held that the claimant refused employment with the employer, North Brothers Company (North Brothers), and was therefore prohibited from receiving any workers’ compensation benefits. Finding that the claimant did not voluntarily limit his income within the meaning of Section 440.-15(4)(b), Florida Statutes, and is entitled to both TTD and TPD benefits, we reverse.
The claimant suffered a back injury on February 20, 1985, while working as a laborer with North Brothers. Following his injury, he continued working an additional day-and-a-half until he was forced to resign because of increasing pain in his back and legs. He visited an orthopedic surgeon, Dr. Stanford, who diagnosed the claimant as having sciatica and arthritis in his back. Dr. Stanford recommended physical therapy and released the claimant to return to regular work with no restrictions.
The claimant returned to North Brothers and was then given a job working in the employer’s warehouse in Orlando, rather than his former employment on the job site. He was paid $280.00 per week, as opposed to his average weekly wage of $369.37 earned prior to his injury. Additionally, the claimant, a resident of Lake Wales, was no longer provided his previous fringe benefit of transportation to and from work, a total distance of approximately 90 miles. Although released to work without restrictions, he continued to experience pain in his legs. The claimant remained with North Brothers for approximately one month and then discontinued his employment.
The claimant was later able to secure work closer to home, but continued to have problems with his back and legs. Finally, on August 28, 1985, he was reexamined by Dr. Stanford, who for the first time diagnosed a herniated disc. Surgery was performed, revealing that the claimant had a calcified disc which was compressing the nerve root. Dr. Stanford testified that in retrospect it appeared to him that the herniated disc had existed when claimant was first examined, and that, had Stanford known about the disc, he would have placed work restrictions on claimant.
The employer contends that the claimant left work at North Brothers solely because he was no longer provided transportation to and from work, and, as such, voluntarily limited his income and is therefore ineligible for compensation. We disagree on two grounds. We observe first that even if the claimant’s actions can be regarded as a voluntary limition of income, he would still be entitled to deemed earnings under section 440.15(4)(b). See E.B. Malone Corp. v. Johnson, 425 So.2d 622 (Fla. 1st DCA 1983). Nevertheless, there is legally sufficient evidence in the record disclosing that the claimant did not voluntarily limit his income, and that he was therefore justified in terminating his position with North Brothers and seeking employment closer to home. This case differs from other cases in which the claimant refused work within his restrictions simply because he desired different employment. Cf. Paul Lawhon Plumbing Co. v. Cave, 427 So.2d 1093 (Fla. 1st DCA 1983); E.B. Malone Corp. v. Johnson. Here, the claimant’s continued employment with the employer was no longer economically feasible. The claimant’s position following his injury paid substantially less than the average weekly wage he was earning prior to his injury. In addition, the claimant was forced to pay his own transportation costs.
It also cannot be said that the claimant voluntarily limited his income by refusing to drive 90 miles daily when, because of Dr. Stanford’s misdiagnosis and failure to give the claimant any work restrictions, the claimant was unaware that the pain he continually experienced while working and traveling was the result of a herniated disc. *501 Under such circumstances, we find that the claimant’s desire to find employment which did not involve extensive traveling was warranted.
The order of the dc denying benefits to the claimant is reversed and remanded. On remand, the deputy is directed to award TTD benefits for the period of time after which the claimant left North Brothers and was unable to secure employment, and to award TPD benefits for the period during which the claimant was employed by other employers, but was earning less than his pre-injury wages.
REVERSED and REMANDED with directions.
SHIVERS and ZEHMER, JJ., concur.