522 So.2d 1015 (1988)
Robert RIOS, Appellant,
v.
FRED TEITELBAUM CONSTRUCTION and U.S. Fidelity & Guaranty Company, Appellees.
No. 87-109.
District Court of Appeal of Florida, First District.
March 30, 1988.
*1016 David L. Kahn, Fort Lauderdale, for appellant.
Anthony J. Beisler, Fort Lauderdale, for appellees.
JOANOS, Judge.
In this workers' compensation case, Robert Rios (claimant) appeals the deputy commissioner's order denying his claim for wage loss benefits for December 1986. The issues for our consideration are (1) whether claimant was excused from a work search, because the employer and carrier (E/C) failed to advise that a work search was a prerequisite to receipt of December 1986 wage loss benefits; (2) whether claimant was excused from a work search because he was performing a full-time job; and (3) whether the E/C demonstrated by competent substantial evidence that claimant voluntarily limited his income.
Claimant began working for the employer, Fred Teitelbaum Construction, sometime in 1972 or 1973. At the time of the injury which is the subject of this appeal, claimant was employed as foreman of a special hydraulic system at Fred Teitelbaum Construction. On July 25, 1983, *1017 while on the construction site, claimant suffered a back injury which subsequently required surgery. Following the surgery, claimant experienced a loss of sensation in his left leg and the bottom of his left foot. In addition, he suffers continuing back pain. Claimant regularly performs prescribed exercises at home and at a gym.
Two months after his back surgery, claimant obtained work with Kroll Company as a regular carpenter. This type of work proved to be unsuitable due to the limitations caused by claimant's back injury. Claimant stated that when he found the work too painful to continue, he was laid off because the company had no other work to offer him. Through the intervention of a friend who was a foreman at F. Benson & Sons, claimant obtained a job doing layout work for that company for six or seven months. After the layout work ended, and work on the building had progressed, claimant was assigned heavier work as a carpenter. He performed the heavier work for approximately four weeks, but again found himself unable to continue due to pain. Claimant explained the problem to his supervisor, but the company had no alternative work for him.
Claimant next obtained a job as a salesman for Rose Auto Parts. After three or four months, his job duties were enlarged to include unloading oil, batteries, and auto parts from trucks. Claimant stated he left that job because unloading trucks exacerbated his back problems. After leaving Rose Auto Parts, claimant obtained a job as a salesman and estimator with Paint Decor, a vertical blind company.
In January 1986, claimant started his own business, Broward Vertical Blinds. After two months, he formed a partnership with two other persons. The business operated as a partnership for approximately one year, and then the partners withdrew because the business was too small to support three people. Claimant works out of his house, primarily as a salesman, although he also does some installation work. He receives $200 a week from the business, the same salary he earned with Paint Decor.
Claimant received wage loss benefits through November 1986. On January 7, 1987, the carrier controverted the December 1986 claim for wage loss, stating as reason therefor an inability to verify claimant's earnings. The insurance adjuster for the carrier testified that he made no effort to verify claimant's earnings. Instead, the adjuster decided to place claimant under surveillance to determine whether he was an owner or an employee of Broward Vertical Blinds. The adjuster received surveillance reports on April 29, 1986; June 27, 1986; and November 18, 1986. After ascertaining that claimant had taken out an occupational license for Broward Vertical Blinds, the adjuster denied payment of wage loss benefits in December 1986, based on his determination that an owner of a business should earn more than $200 a week.
The deputy commissioner found the fact that claimant was operating a struggling business would not excuse his failure to perform a good faith work search, so as to re-establish himself in the open market place at a wage more commensurate with his earnings at the time of his injury. The deputy commissioner further found that by failing to seek more suitable gainful employment, claimant voluntarily limited his income, and denied the December 1986 claim for wage loss benefits on that basis.
Generally, a work search is a prerequisite to recovery of wage loss benefits pursuant to section 440.15(3)(b), Florida Statutes, however, an employee "is excused from a job search if the employer fails to inform the employee of his rights and responsibilities under the Act." Coq v. Fuchs Baking Company, 507 So.2d 138, 141 (Fla. 1st DCA 1987). See also Lopez v. Nabisco Brands, Inc., 516 So.2d 993 (Fla. 1st DCA 1987); Morris v. Metal Industries, Inc., 491 So.2d 312 (Fla. 1st DCA 1986); Defrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986). In other words, the work search requirement is an evidentiary burden rather than an absolute condition precedent to an award of wage loss benefits. Austen Construction *1018 Management Corporation v. Waters, 508 So.2d 763 (Fla. 1st DCA 1987).
Moreover, if a claimant finds and holds a job, he is deemed to have performed the equivalent of a work search. Coq v. Fuchs Baking, 507 So.2d at 141. The rationale underlying this rule is that the "Workers' Compensation Act  in its day-to-day operation is intended to be  beyond all else  quintessentially an employer-carrier monitored system, rather than a claimant-attorney monitored system." Morris v. Metal Industries, 491 So.2d 312, quoting Barnes v. PCH Walter T. Parker, 464 So.2d 1298 (Fla. 1st DCA 1985). Thus, in appropriate circumstances, full-time employment, "even in a self-owned business, may ... obviate the need for further work search during such employment." Western Union Telegraph Company v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987). In fact, this court has held that in given circumstances it would be improper to require a claimant to look for work outside his own business, when that business required his full-time efforts to keep it going. Adart South Polybag Mfg., Inc. v. Goldberg, 495 So.2d 826, 827 (Fla. 1st DCA 1986). Furthermore, wage loss benefits should not be denied merely because the wage loss occurs, as in the instant case, after a period of successful post-injury employment. Mathis v. Lewis Bear Co., 511 So.2d 663 (Fla. 1st DCA 1987).
Once a claimant has demonstrated entitlement to wage loss, either by virtue of full-time employment or a valid work search, the burden shifts to the E/C to demonstrate that the claimant has voluntarily limited his income. Adart South Polybag v. Goldberg, 495 So.2d at 827. Absent evidence in the record which would support a finding that more lucrative employment commensurate with the claimant's abilities is available, it is error to deny wage loss benefits to a claimant who is either performing full-time work, or has conducted a valid work search. Coq v. Fuchs Baking Co., 507 So.2d at 141.
The record in this case is silent with respect to any evidence that the E/C advised claimant that a work search is a condition precedent to an award of wage loss benefits. In fact, the record reflects that claimant submitted wage loss claims, together with statements of earnings, for each of the thirteen months preceding December 1986. During that thirteen month period, the E/C paid each wage loss claim submitted. The E/C made no effort to verify claimant's earnings, and, other than evidence of claimant's earnings during the period that he worked as a layout man for F. Benson & Sons, the record is devoid of any evidence that more suitable gainful employment is available to appellant.
On the other hand, the record does reflect that claimant is working full-time, albeit in his own business. In addition, the record reflects that claimant has consistently obtained and performed full-time employment since his return to the labor market after back surgery. Claimant's unrefuted testimony established that his job changes were occasioned, in each instance, by the addition of heavier tasks which he was unable to perform due to the limitations imposed by his back injury.
In summary, we find this record will not support the deputy commissioner's conclusion that claimant voluntarily limited his income. Therefore, the order denying claimant's December 1986 wage loss claim is reversed, and this case is remanded for proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.