526 So.2d 1032 (1988)
Linda R. GRIFFITH, Appellant,
v.
McDONALDS and Kemper Group, Appellees.
No. 87-1201.
District Court of Appeal of Florida, First District.
June 16, 1988.
Howard S. Grossman, of Rosenthal & Findler, West Palm Beach, for appellant.
David Danielson, West Palm Beach, for appellees.
MILLS, Judge.
Linda Griffith appeals from an order of the deputy commissioner denying her claim for temporary partial disability benefits (TPD) and wage loss benefits. We affirm in part and reverse in part.
Griffith suffered three falls while employed by McDonald's (E/C), in September, November and December 1985. After the first two incidents, she was able to return to work, but she quit after the third, feeling herself incapable of continuing her duties. Her complaints consisted primarily of headaches, back pain and loss of feeling in both arms.
After the initial September 1985 accident, on September 20, 1985, Griffith consulted Dr. Kaplan, a chiropractor whom she was seeing at the time for other problems. It was Kaplan's opinion that she reached MMI on July 1, 1986 with a 10% permanent impairment; he had released her to work on March 1, 1986, stipulating only that she not return to her former duties. It is undisputed that she was never informed by McDonald's of her obligation to thereafter search for work and keep records of that search to preserve her eligibility for TPD benefits. She testified that, after leaving McDonald's on January 1, 1986, she has looked for work on her own, consulting with "20 to 30" prospective employers offering work she felt she could do; no records were kept.
Griffith underwent an independent medical evaluation by Dr. Ford, an orthopedist, in September 1986. Available to Dr. Ford were an August 1986 normal MRI exam and an EMG ordered by him, also normal. Because of the normal exams, which Ford stated would have shown abnormalities given Griffith's complaints, and because there was no logical relationship between Griffith's complaints and her symptoms, Ford opined that she had reached MMI without permanent impairment and with no restrictions or limitations on her daily activities. Dr. Saiontz, who saw her in February and *1033 March 1987, also opined MMI but with permanent impairment of 10-15%.
Griffith filed a claim for benefits seeking TTD, TPD or wage loss from September 21-27, 1985, November 15-19 1985 and from January 1, 1986 to the present. Based on the foregoing evidence, the deputy found Griffith entitled to TTD for the first two periods and from January 1, 1986 to February 28, 1986. The deputy denied TPD benefits from March 1, 1986 to July 1, 1986 (MMI) based on the absence of an adequate work search, and wage loss thereafter was denied based on the opinion of Dr. Ford that Griffith had suffered no permanent impairment.
With regard to the deputy's denial of wage loss benefits, it is well established that in the determination of workers' comp claims, it is the DC's function to determine credibility and resolve conflicts in the evidence and that he may accept the testimony of one physician over that of several others. The acceptance and rejection of medical testimony rests with the deputy and his discretion should not be disturbed unless the medical testimony itself fails to meet the test of the substantial evidence rule. S & S Stove Repair, Inc. v. Dumas, 465 So.2d 644, 646 (Fla. 1st DCA 1985). Here, Dr. Ford's opinion that no permanent impairment was suffered was based on the results of objective testing as well as his own experience and observation. We decline to disturb the deputy's acceptance of his testimony. Therefore, the denial of wage loss was required by the finding of lack of permanent impairment, see Section 440.15, Florida Statutes (1985), and we affirm on this issue.
However, TPD was denied based on an inadequate work search, despite the E/C's acknowledged failure to inform Griffith of her responsibility to do and record such a search to be eligible for TPD. In Coq v. Fuchs Baking Co., 507 So.2d 138 (Fla. 1st DCA 1987), the claimant was excused from a work search based on the E/C's failure to inform him of the responsibility to perform one, despite, as in this case, the instruction by claimant's doctor to seek employment. The court held that "the worker's compensation process is an employer/carrier monitored system, not a doctor monitored system." Coq at 141. With regard to Griffith's representation by counsel, see Barnes v. PCH Parker, 464 So.2d 1298 (Fla. 1st 1985) (the duty of informing an injured claimant of the benefits available to him is not lessened or diminished by the claimant's representation by an attorney) and Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986) (claimant excused from a work search even though advised by counsel to perform one).
Therefore, because E/C acknowledges its failure to properly inform Griffith of her responsibility to perform and record a work search, and that failure is not excused as argued by E/C, we reverse the denial of TPD for the period March 1  July 1, 1986 and remand. The order is in all other respects affirmed.
SHIVERS and WIGGINTON, JJ., concur.