536 So.2d 301 (1988)
Marie MACKIN, Appellant,
v.
OLDE WORLD CHEESE SHOP, Travelers Insurance Co., Appellees.
No. 88-425.
District Court of Appeal of Florida, First District.
December 14, 1988.
*302 Barry M. Salzman, of Chambers & Salzman, P.A., St. Petersburg, for appellant.
Ellen H. Lorenzen, of Whalen & Morlan, Tampa, for appellees.
SHIVERS, Judge.
The claimant in this workers' compensation case appeals an order awarding temporary wage-loss benefits based on the "deemed earnings" provision of section 440.15(4)(b), Florida Statutes, rather than on actual lost wages. Finding no basis for use of the deemed earnings provision, we reverse and remand for recalculation of claimant's wage loss.
According to the record, the claimant sustained a compensable back injury while working as a part-time waitress for appellee, Olde World Cheese Shop, after which the employer/carrier (E/C) paid temporary total disability benefits until claimant was able to return to her job. Claimant worked for approximately one year after returning, but eventually became unable to work quickly enough to handle the fast-paced business lunch crowd, and was terminated from her employment on April 9, 1986. After her termination, claimant sought part-time work, submitted job search forms, and received wage-loss benefits from the E/C. In May of 1986 she obtained work as a part-time waitress at the Essex Pub, earning approximately $60 per week. In mid-August 1986, however, she quit her job at the Essex Pub, having found herself unable to withstand the job's physical requirements.[1]
Approximately one week after leaving the Essex Pub, claimant had a telephone conversation with the carrier's claims adjuster, during which she was told that she would not be entitled to further wage-loss benefits because she had voluntarily quit her job. Thereafter, claimant received no wage-loss or job search forms from the carrier and, although she did continue to search for part-time work, did not keep any records due to her belief that she was ineligible for benefits.
Claimant contends on appeal that the deputy commissioner (DC) erred in finding that she voluntarily limited her income and, therefore, in awarding wage-loss benefits for the period between August 15, 1986 and July 16, 1987, based on deemed earnings of $64.18 per week. We agree with claimant on two bases. First, although the claimant admittedly left her job at the Essex Pub voluntarily, she clearly testified at the hearing (and no evidence to the contrary was presented) that her reasons for doing so were related to physical difficulties stemming from her industrial accident. Claimant was therefore justified in leaving her job at the Essex Pub and seeking some type of less strenuous employment. See Terhune v. North Brothers Company, 504 So.2d 499 (Fla. 1st DCA 1987). As in Terhune, we find that this case differs from those in which the claimant refuses work *303 solely because he or she desires different employment. Cf. E.B. Malone Corporation v. Johnson, 425 So.2d 622 (Fla. 1st DCA 1983).
Second, it cannot be said that the claimant voluntarily limited her income by failing to document her search for work after leaving the Essex Pub, since it is clear that her actions were based on the carrier's statement that the claimant was no longer eligible for wage-loss benefits. This court has held on many occasions that an employee is excused from performing a job search where the E/C fails to inform him of his rights and responsibilities under the Workers' Compensation Act. Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988); Lopez v. Nabisco Brands, Inc., 516 So.2d 993 (Fla. 1st DCA 1987); Coq v. Fuchs Baking Company, 507 So.2d 138 (Fla. 1st DCA 1987); Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986); DeFrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986). It would be inequitable to find that claimant had voluntarily limited her income because she failed to conduct a job search or to keep adequate records of the job search, where the claimant had been told by the E/C that she was not entitled to further benefits.
Accordingly, the deputy's award of wage-loss based on deemed earnings of $64.18 per week from August 15, 1986 through July 16, 1987 is hereby reversed, and the matter remanded for recalculation of benefits based on claimant's actual wage-loss during that period.
REVERSED and REMANDED.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] When asked at the hearing why she quit her job at the Essex Pub, claimant testified: "I couldn't take the racing around back and forth on my legs and carrying food because it was too strenuous on my back and it would bother my back quite a bit."