554 So.2d 644 (1989)
Shirley PARKER, Appellant,
v.
EATON CORPORATION, UAC/Continental Insurance, Appellees.
No. 88-1351.
District Court of Appeal of Florida, First District.
December 29, 1989.
*645 Janet Jaspers, St. Petersburg, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
NIMMONS, Judge.
The claimant injured her back in a work-related accident in May 1985. On appeal, she asserts that the judge of compensation claims erred in his determination of the date of maximum medical improvement and in his denial of temporary disability benefits. We agree and reverse as to both issues.
Dr. Ferguson, an orthopedic surgeon, examined claimant in April 1986 and reported that the only restriction upon her work activity was that she lift no more than 50 pounds. On April 29, 1986 appellant was terminated from her employment for reasons unrelated to the industrial injury.
Dr. Ferguson referred appellant to Dr. Meriwether, a neurosurgeon, who examined appellant on October 9, 1986 and ordered a CT scan based upon his concern that she might have a herniated disc. The scan was negative for a herniated disc. Dr. Meriwether also prescribed physical therapy and directed appellant to avoid heavy lifting and prolonged bending, sitting or standing. He examined appellant a second time on September 4, 1987 and ordered another CT scan. The results from the CT scan were normal and in his March 1988 deposition, Dr. Meriwether opined that appellant had reached MMI with no permanent impairment related to her injury on September 8, 1987, the date that the results from the second CT scan were received, although he also acknowledged that she may have reached MMI much sooner.
The judge accepted Dr. Meriwether's opinion that appellant had reached MMI without permanent impairment, but found that appellant had reached MMI "at least by" October 9, 1986, the date of appellant's first examination by Dr. Meriwether, on the basis that appellant's condition had basically remained unchanged between the two visits. The judge also denied disability *646 benefits for the time between appellant's termination and her attainment of MMI.
We agree with appellant that Dr. Meriwether's testimony does not support the judge's determination of the date on which appellant reached MMI. A finding of MMI is precluded where treatment is being rendered with a reasonable expectation that it will bring about some degree of recovery, even if that treatment ultimately proves ineffective.[1]Utley-James, Inc. v. Lady, 448 So.2d 1191 (Fla. 1st DCA 1984); Corral v. McCrory Corporation, 228 So.2d 900 (Fla. 1969). See also Sunland Training Center v. Woods, 413 So.2d 161 (Fla. 1st DCA 1982) (no basis for a finding of MMI where nothing was done by the physician which would change the claimant's condition from "healing" to "no further improvement reasonably expected"); cf. Vista Properties of Vero v. Heumann, 516 So.2d 1032 (Fla. 1st DCA 1987); Carruth v. Allied Products Co., 452 So.2d 634 (Fla. 1st DCA 1984) (finding that MMI occurred on January 6, 1982, affirmed despite medical testimony that MMI occurred on April 26, 1982, where record demonstrated that no treatment was rendered after January 6 with any reasonable expectation of improvement).
In his July 1987 deposition, Dr. Meriwether specifically declined to state an opinion regarding MMI or permanent impairment because he had not had the opportunity to determine whether the physical therapy that he prescribed had been effective. He testified that in his opinion the therapy was both reasonable and necessary. Additionally, he placed work restrictions upon appellant when he prescribed the therapy.
We direct that the order be corrected upon remand to provide that appellant reached MMI with no permanent impairment on September 8, 1987, rather than October 9, 1986, because it is clear from the order that the judge has accepted Dr. Meriwether's testimony as accurate and because the record contains no competent substantial evidence to support an earlier MMI date than the date of September 4, 1987 which was the date testified to by Dr. Meriwether.
In denying payment of disability benefits, the judge stated:
The claimant continued to work at her place of employment until April 29, 1986, when she was terminated for cause and for reasons which were unrelated to her industrial accident. Up until that date, the employer had provided work to the claimant which was within her physical abilities.
Additionally, the claimant was earning wages and receiving fringe benefits just prior to her termination that approximated her average weekly wage at the time of her injury. Therefore I find that the claimant had a deemed earning capacity of at least her average weekly wage until October 9, 1986, the date that I have previously found to be the date of maximum medical improvement. Additionally, there is no evidence for me to conclude that between April 29, 1986, and October 9, 1986, that the claimant suffered any wage loss that was causally related to her industrial accident.
The judge erred in concluding that appellant's termination for cause in April 1986 is by itself an adequate ground for finding her ineligible for compensation. Entitlement to disability benefits is to be determined by the totality of the circumstances, for each month for which benefits are claimed. The award of benefits is not precluded solely because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to factors unrelated to the injury. Bado v. Canteen Corporation, 513 So.2d 1364 (Fla. 1st DCA 1987); Mathis v. Lewis Bear Company, 511 So.2d 663 (Fla. 1st DCA 1987); Whalen v. U.S. Elevator, 486 So.2d 670 (Fla. 1st DCA 1986); Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984).[2]
*647 The judge also erred in finding that no evidence supported a causal link between the accident and appellant's loss of income. The claimant's burden is to present evidence which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss. Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369 (Fla. 1st DCA 1987). As previously noted, work restrictions were imposed upon appellant after her industrial accident. An adequate work search is an evidentiary burden which the claimant must ordinarily satisfy in order to establish entitlement to wage loss or partial disability benefits. The requirement of a work search is excused, however, where the E/C fails to inform the claimant of her obligation to seek employment. Baggett v. Mulberry Construction Company, 549 So.2d 1386 (Fla. 1st DCA 1989). In the instant case appellant testified without contradiction that the E/C never informed her of obligations regarding a work search.
Once the claimant has made a preliminary showing of entitlement to such benefits, either by virtue of full-time employment or a good-faith work search, the burden shifts to the E/C to demonstrate that the claimant has voluntarily limited his income. Adart South Polybag Mfg., Inc. v. Goldberg, 495 So.2d 826, 827 (Fla. 1st DCA 1986); Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988). Absent some evidence in the record that employment commensurate with the claimant's abilities is available, it is error to deny compensation to a claimant who is either performing full-time work or has performed a valid work search. Rios at 1018. The claimant, not having been informed of her work search obligations, was effectively deterred by the E/C in establishing entitlement to disability benefits. Accordingly, we hold that the record does not support denial of temporary partial disability benefits for the time between April 29, 1986 and September 8, 1987, and reverse and remand with directions that the judge award those benefits.
REVERSED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Dr. Meriwether testified that appellant had made some improvement between her two visits to him, but it is not clear how significant this improvement was.
[2] Case law addressing wage loss benefits is instructive in analyzing a claim for temporary partial disability benefits because they are in many respects governed by the same principles. Seacoast Building Supply v. Jackson, 419 So.2d 379 (Fla. 1st DCA 1982).