JOANOS, Judge.
In his second appearance before this court, claimant appeals a workers’ compensation order denying his claims for permanent total disability benefits and for psychiatric treatment. We affirm in part, and reverse in part.
A detailed statement of the facts is included in the prior opinion, reported as Lerman v. Broward County Board of County Commissioners, 555 So.2d 419 (Fla. 1st DCA 1989). Briefly, the facts pertinent to this appeal reveal that on August 8, 1985, while working as a detention officer for the Broward County Sheriff’s Department, claimant was required to help quell a prison riot at the Pompano Deten *231 tion Center. When the riot was over, claimant was taken to North Broward Medical Center, where he was diagnosed as having angina pectoris with arteriosclerotic heart disease. On August 29, 1985, claimant underwent double bypass surgery. Since the surgery, he has remained under the care of his cardiologist, Dr. Berger. At Dr. Berger’s suggestion, claimant also sees Dr. Hevert, an internist, on a regular basis. In addition, claimant has received psychotherapy for post-surgical depression from Dr. Feldman, a psychologist.
Claimant was examined by a psychiatrist, Dr. Zager, at the behest of employer/carrier. Dr. Zager’s report stated, in part, that claimant “did not appear to manifest evidence of a psychotic thought disorder nor did he demonstrate any overt delusions, hallucinations or ideas of reference.... The subject does not suffer from any major psychiatric disability that precludes employment although I would certainly defer to his treating cardiologist with regard to recommended physical limitations on work activity.”
In the order entered in connection with the prior appeal, the judge of compensation claims found that claimant suffered a com-pensable injury, but rejected claimant’s testimony and that of his treating psychologist, Dr. Feldman, concerning claimant’s psychiatric and emotional state. The judge further found that claimant failed to establish entitlement to permanent total disability benefits, and denied payment of Dr. Feldman’s medical bills. This court reversed the order, and remanded with directions “to articulate specific reasons for rejecting unrefuted medical testimony that claimant is permanently totally disabled, and has not been returned to work by his treating physicians, or to grant relief to claimant.” In addition, denial of payment of Dr. Feldman’s bills was reversed and remanded with directions to reconsider payment, and to reconsider claimant’s need for continuing supportive psychiatric care. Lerman I, 555 So.2d at 425.
In the order on remand, among other things, the judge provided additional reasons for accepting Dr. Zager’s opinions over those of Dr. Feldman, and of Dr. Epstein, who performed a psychiatric evaluation for the State Division of Retirement. The judge again denied the claim for permanent total disability, for continuing supportive psychiatric care, and for payment of Dr. Feldman’s bills.
The first issue concerns the judge’s denial of the claim for permanent total disability benefits. No additional evidence was received on remand. Although the revised order provides a more detailed presentation of the judge’s findings and the reasoning employed than was expressed in the prior order, several of the judge’s factual determinations are not supported by the record. For example, the judge erroneously determined that Dr. Hevert merely “monitored,” rather than treated, claimant. Since this finding was relied upon, in part, to discount Dr. Hevert’s testimony, the judge’s error in this regard is significant. Employer/carrier tacitly concede error on this point. The judge further found that Dr. Hevert deferred treatment to Dr. Berger. Again, employer/carrier concede error, but insist the judge was essentially correct, since on one occasion Dr. Hevert referred a complaint of chest pain to Dr. Berger. The record reflects that the complaint involved incisional chest pain which Dr. Hevert deferred to Dr. Berger, the treating cardiologist.
In addition, the judge rejected Dr. He-vert’s written opinion of June 16, 1986, because he concluded the doctor’s opinion was based on claimant’s personality traits and not on medical evaluations and treatment. Again, this finding is without support in the record. Dr. Hevert’s letter report expressly renders opinions from the standpoint of internal medicine and cardiology. It is common knowledge that emotional stress can have a detrimental effect on one’s physical condition. While recognizing that claimant’s medical doctors advised him to avoid stressful situations, the revised order rejects Dr. Hevert’s opinion that claimant’s mental state directly bears on his physical health, on the ground that the mental state should be “addressed by the psychiatric people.” In making this *232 finding, it appears the judge overlooked an issue he was directed to consider on remand.
On remand the judge was directed to clarify his reasons for accepting Dr. Za-ger’s opinion over that of claimant’s treating physicians with respect to the mental aspect of claimant's health. Specifically, the record reflects, and the prior opinion noted, that claimant’s treating physicians opined that claimant’s mental state has a direct bearing on, and cannot be separated from, his physical condition. The revised order articulates with specificity the judge’s reasons for accepting Dr. Zager’s opinion over that of claimant’s treating psychologist, Dr. Feldman, and the examining psychiatrist, Dr. Epstein. However, the judge did not comply with the court’s instruction to articulate reasons for accepting Dr. Zager’s opinion on the permanent total disability question over that of the treating physicians, Drs. Berger and He-vert. Instead, the revised order merely states that the judge accepted “Dr. Zager’s medical opinion that claimant is not psychi-atrically disabled from gainful employment other than in the field of a detention deputy with the possibilities of vigorous physical exertion.”
Other factors which apparently entered into the denial of permanent total disability were the judge’s findings that claimant engaged in regular activities, based on his testimony that he traveled regularly to visit family and friends, and claimant had a work history of real estate and automobile sales. The judge also found, based on his familiarity with the open labor market, that there is work in the open labor market for someone with claimant’s physical restrictions and limitations. While there is record support for the first two findings, the latter finding is unsupported by anything in the record, and thus constitutes an improper factor for consideration in the permanent total disability determination. See Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988). Because the revised order is silent on the reasons for accepting Dr. Zager’s opinion on the permanent total disability issue over that of the treating physicians with regard to claimant’s medical condition, the denial of permanent total disability must be reversed and remanded with directions to comply with the court’s prior order or to grant the relief requested.
The second issue concerns the denial of payment of Dr. Feldman’s bills and the denial of future psychiatric care. The prior panel reversed the denial of payment of Dr. Feldman’s bills, and remanded with directions to reconsider payment of those bills, and to reconsider claimant’s need for continuing supportive care. In the revised order, the judge again denied payment of Dr. Feldman’s bills, stating as reason therefor that (1) Dr. Feldman failed to request authorization for treatment, (2) he did not present his billing to employer/ carrier, and (3) he testified his bill had been paid. The judge denied the claim for future psychiatric care, because none of the medical doctors indicated a need for psychiatric or psychological counseling. In addition, the revised order states that the judge accepted Dr. Zager's opinions, and seemingly viewed those opinions as evidence that claimant is not in need of psychiatric or psychological counseling.
Section 440.13, Florida Statutes, provides that an employee shall not be entitled to reimbursement for expenses incurred for remedial treatment or care, unless the employer was requested to provide such treatment or care, and failed to do so, or, unless the nature of the injury required such treatment, and the employer having knowledge of such injury, failed to provide same. City of Leesburg v. Balliet, 413 So.2d 860, 861 (Fla. 1st DCA 1982); Scherer & Sons, Inc. v. Hoepelman, 397 So.2d 760, 761 (Fla. 1st DCA 1981). See also Lawhorn v. R.D. Mullins, D.O., 418 So.2d 366 (Fla. 1st DCA 1982). The record in this case reflects that claimant did not ask the employer to provide psychiatric or psychological counseling. Further, claimant’s psychiatric or psychological injury was not of such nature that employer/carrier would be charged with notice of claimant’s need for such treatment. In addition, since Dr. Feldman did not seek authorization for his treatment, and did not submit bills to em *233 ployer/carrier for payment, the employer/earrier were without notice that such care was being provided. Thus, it appears the judge properly denied the claim for payment of Dr. Feldman’s bills.
The record further reflects that a claim was made for future psychiatric care. Although claimant’s treating physicians did not expressly recommend psychiatric care, claimant’s need for such is implicit in their testimony, in that both Dr. Hevert and Dr. Berger recognized the adverse effects of stress on claimant’s cardiac condition. Dr. Zager’s report did not address the question of supportive psychiatric care. Although the record suggests that ongoing supportive psychiatric care would be appropriate in this case, the record also supports the judge’s finding that neither treating physician expressly recommended such care. Consequently, the denial of future psychiatric care must be affirmed. ■
Accordingly, that portion of the revised order which denies the claim for permanent total disability benefits is reversed and remanded, with directions to comply with the court’s prior order to articulate reasons for rejecting unrefuted medical testimony that claimant is permanently totally disabled from a medical standpoint. In all other respects, the appealed order is affirmed.
WENTWORTH and ALLEN, JJ„ concur.