PER CURIAM.
The claimant in this workers’ compensation case appeals from an order setting the date of maximum medical improvement (MMI), denying wage loss benefits after that date because of the absence of any permanent impairment, and denying temporary partial disability (TPD) benefits during the weeks preceding the MMI date. *735 We affirm all portions of the order, except that portion denying TPD benefits.
On February 15, 1988, the appellant was injured in a compensable accident, and was paid temporary total disability (TTD) benefits from that date. During July and August of 1988, doctors treating the appellant determined that the appellant could return to work, at least on a light-duty basis. When the appellees thereupon discontinued payment of TTD benefits, they did not advise the appellant of his obligation to conduct a work search in order to qualify for TPD benefits. Based upon the medical evidence presented at the hearing, the judge of compensation claims found that the appellant reached MMI without any permanent impairment on December 6, 1988. Accordingly, the judge denied the claim for wage loss benefits after the date of MMI. The judge also denied the claim for TPD benefits from August 1, 1988, the date the TTD benefits were terminated, to the date of MMI.
We find that the record contains competent substantial evidence supporting the finding that December 6, 1988, was the date of MMI. Competent substantial evidence also supports the finding of no permanent impairment, and consequently, the denial of post-MMI wage loss benefits. However, we find that the judge erred in denying the claim for TPD benefits between August 1, 1988, and December 6, 1988.
When an injured employee has regained the ability to work but has not yet reached MMI, he is no longer entitled to TTD benefits, but he is entitled, upon proof of a conscientious work search, to TPD benefits. Xerographics and Claims Center v. Bender, 558 So.2d 514 (Fla. 1st DCA 1990); Ringling Bros. Barnum and Bailey Circus v. O’Blocki, 496 So.2d 947 (Fla. 1st DCA 1986); and Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Here, the judge found deficiencies in the appellant’s work search during the period for which TPD benefits were claimed, but it is undisputed that the appel-lees did not advise the appellant of the necessity to conduct a work search. Under these circumstances, the work search requirement was waived, and the appellant was entitled to TPD benefits during the period. See Griffith v. McDonalds, 526 So.2d 1032 (Fla. 1st DCA 1988) and Morris v. Metal Industries, 491 So.2d 312 (Fla. 1st DCA 1986). Therefore, we must reverse that portion of the order which denied TPD benefits from August 1, 1988, to December 6, 1988. On remand, the judge of compensation claims should enter an order awarding TPD benefits for such period, less any credit due the appellees for benefits already paid.
Accordingly, the compensation order under review is reversed as to the denial of TPD benefits, and this cause is remanded for award of such benefits. In all other respects, the order is affirmed.
ERVIN, ALLEN and WOLF, JJ., concur.