ERVIN, Judge.
Claimant, Hermine Dyer, appeals an order of the judge of compensation claims (JCC) denying payment of outstanding medical bills for chiropractic treatment, temporary partial disability (TPD) benefits from the date compensation was terminated on June 27, 1986 through August 4, 1986, and permanent wage-loss (WL) benefits from August 4, 1986 until the hearing (February 15, 1990). Dyer contends (1) that the JCC erred in concluding that the treatment provided after August 4, 1986, by Dyer’s chiropractor, Dr. Merritt, was neither reasonable nor necessary, and, consequently, that the JCC erred in denying Dyer permanent WL benefits after that date; and (2) that the JCC erred in concluding that she voluntarily limited her income and did not conduct a valid work search and thus was not entitled to TPD benefits. We reverse and remand with directions.
As to the first issue, there is no competent, substantial evidence (CSE) to support the JCC’s conclusion that Dr. Merritt’s treatment of Dyer after August 4, 1986 was unnecessary and unreasonable. While working as a nursing assistant, Dyer was injured in two work-related accidents on May 25, 1985 and on December 2, 1985. None of the physicians who treated Dyer after her second injury testified that there was any reason to disbelieve her reports of continuing back pain, and none testified that she had reached maximum medical improvement (MMI) in regard to such pain. Although Dr. Merritt initially opined that Dyer had attained chiropractic MMI on August 4,1986 with no permanent impairment (PI), he later emphasized at each of his two depositions that he had reconsidered and changed his position, after continued treatment and thermographic testing of claimant.[1]
*762 The JCC concluded that Dyer’s testimony of subjective pain was not believable because Dyer did not demonstrate any observable physical discomfort at the hearing. Dyer, however, sought payment for treatment she received prior to the hearing, rather than for continuing treatment. Therefore, it is irrelevant that Dyer demonstrated no observable discomfort at the hearing. All of the evidence instead supports the conclusion that Dr. Merritt’s treatment after August 4,1986 was reasonable and necessary.
As to issue relating to the denial of Dyer’s claim for permanent WL benefits from August 4, 1986 through the hearing, the JCC so found apparently based on Dr. Merritt’s opinion that Dyer had reached MMI with no PI on August 4, 1986. Having previously rejected this conclusion as having no foundation in the record, we accordingly conclude that there is no CSE to support the denial of such benefits.
Moreover the record demonstrates that Dyer was not required to conduct a work search. In the first place, a work search is excused when there is a medically justifiable reason. Ninia v. Southwest Bottlers, 547 So.2d 966, 968 (Fla. 1st DCA 1989). Dr. Merritt and Dr. Lucido each testified that Dyer could not work without restrictions, and there was no evidence that contradicted these opinions. Even if the judge was privileged to reject their opinions on the ground that they were not credible, Dyer testified, and the employer/carrier (E/C) did not dispute, that it was her attorney rather than the carrier or the employer who sent her job-search forms. Once a claimant testifies without contradiction that the E/C did not provide him or her with work-search forms, regardless of whether the claimant was informed of the need for a work search by counsel or by a physician, the claimant is excused from conducting a work search.[2] Coq v. Fuchs Baking Co., 507 So.2d 138, 141 (Fla. 1st DCA 1987); Griffith v. McDonalds, 526 So.2d 1032, 1033 (Fla. 1st DCA 1988).
We also reject the JCC’s alternative finding that Dyer voluntarily limited her income because she left her employment two days after resuming the work her employer offered her, because she was angered that the employer had not retained adequate staff to render proper care to its patients. There is no CSE to support this finding. Having considered Dyer’s account of her brief return to work, it is apparent to us that Dyer was not upset because the Center’s patients were not receiving proper health care, but because she returned to work with limitations and was offered help that was not given. As a result of her work responsibilities, her back pain was exacerbated, and Dyer left her employment. Thus, she did not voluntarily limit her income.
REVERSED and REMANDED with instructions to the JCC to grant Dyer’s claims for benefits consistent with this opinion.
ZEHMER and MINER, JJ., concur.

. The employer/carrier placed great emphasis on the fact that claimant neglected to inform Dr. Merritt of her second accident. This fact has no impact on this case, however, because *762 Dr. Merritt was not questioned regarding the effect that the omitted information might have on his previously expressed opinion. Faucher v. R.C.F. Developers, 569 So.2d 794, 801 (Fla. 1st DCA 1990).

. Section 440.15(3)(b)2, Florida Statutes, was amended in 1990 to require job-search forms if the employee "has been advised by the employer, carrier, servicing agent, or his attorney." (Emphasis added.) This amendment is not applicable to Dyer.