584 So.2d 197 (1991)
Pedro SAAVEDRA, Appellant,
v.
CEDARS MEDICAL CENTER, PENN GENERAL, Appellee.
No. 90-2026.
District Court of Appeal of Florida, First District.
August 15, 1991.
Jay M. Levy, Hershoff & Levy, P.A., Henry Fierro, Miami, for appellant.
Christopher J. Lynch, Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, for appellee.
ERVIN, Judge.
Appellant, Pedro Saavedra, appeals a final order denying wage-loss (WL) benefits during the time period from February 5, 1988 through March 18, 1989, because Saavedra did not submit proper documentation of a work search. He claims that the employer/servicing agent (E/SA) waived the work-search requirement by informing his attorney, rather than him, of his obligation, and by failing to provide him with appropriate forms. We reverse.
Saavedra sustained compensable injuries in accidents on November 13, 1985 and May 23, 1986. He was voluntarily paid temporary total disability (TTD) benefits from June 19, 1986 through October 19, 1987, and benefits were terminated thereafter. Claimant testified that the E/SA failed either to advise him he was required to look for a job or to send him forms to fill out, but that after his benefits were terminated, he went on his own "to many places" to look for work. At Saavedra's deposition on February 4, 1988, the employer's counsel specifically informed claimant's counsel that Saavedra must perform a work search.[1] On March 19, 1989, Saavedra began working as a plumber at the Doral County Club, making less money than he had earned with the employer.
In her final order, the judge of compensation claims (JCC) stated that in July 1986, Saavedra's counsel wrote the servicing agent requesting that all communication be handled through him rather than Saavedra. The JCC also found that although Saavedra was placed on notice of the necessity to conduct a documented work search at his February, 1988 deposition, the work-search documentation submitted in January 1990 was insufficient. The JCC therefore awarded Saavedra WL benefits for the periods between October 20, 1987 and February 4, 1988, and after March 19, 1989, when he began working at the Doral, but denied such benefits from February 5, 1988 through March 18, 1989.
In DeFrees v. Colt & Dumont/HIT Sales, 483 So.2d 848 (Fla. 1st DCA 1986), this court stated that the Workers' Compensation Law requires a documented work search, and that the JCC erred in concluding that claimant's job search was inadequate, "when she was not informed by the employer/carrier of her obligation to supply job search records." Id. at 848. Florida Administrative Code Rule 38F-3.018 requires the carrier to furnish a statement of obligations to the claimant, as well as at least four copies of the WL forms, which *198 contain space for documenting the employee's job search. As a consequence of the above requirements, we have held that the Workers' Compensation Law contemplates an employer/carrier-monitored system, rather than an attorney-monitored system. Coq v. Fuchs Baking Co., 507 So.2d 138 (Fla. 1st DCA 1987). Although we approve the JCC's conclusion that the employer's oral statement to claimant's attorney at the February 4 deposition was adequate notice to Saavedra of his work-search obligation, in that the claimant's attorney had previously requested that all communication be made to him rather than his client, we nonetheless reverse the final order, because there is no evidence in the record to support the JCC's finding that the E/SA provided Saavedra or his lawyer with jobsearch forms.
In so concluding, however, we feel constrained to say that if there were anything in the record disclosing that the employer or the servicing agent had sent job-search forms to claimant's attorney at any time after counsel's directive, this case would be in a different posture. We reverse only because there is no proof in the record before us that this had in fact occurred. Hence, we hold that the E/SA waived the work-search requirement and that Saavedra is therefore entitled to additional WL benefits between February 5, 1988 through March 18, 1989.
REVERSED.
JOANOS, C.J., and ALLEN, J., concur.
NOTES
[1] Saavedra, a Peruvian who does not speak English, was deposed through an interpreter.