ERVIN, Judge.
In this workers’ compensation appeal, appellant/claimant, Francisco Valdez, contends that the judge of compensation claims (JCC) erred in awarding temporary total disability (TTD) benefits for only ten days after his February 19,1992 surgery, and in finding claimant had voluntarily limited his income during the entire period of his disability by refusing offered employment. Because there is competent, substantial evidence (CSE) to support the JCC’s award of TTD benefits for the period from February 19, 1992 through February 29, 1992, we affirm as to it. The record, however, does not contain CSE to support the JCC’s finding that claimant voluntarily limited his income during the period from February 20, 1991 through the date of the hearing; therefore, we reverse the denial of temporary partial disability (TPD) benefits for that period and remand for further proceedings.
The evidence discloses that claimant injured his back in a fall at work on January 8, 1991; that the employer gave claimant light-duty work thereafter; that on February 20, 1991, claimant fell a second time after experiencing neck pain during his employment; and that he never returned to work. The employer terminated claimant’s employment in March 1991 due to his absence. The employer did not provide claimant with wage loss forms or instructions to perform a work *254 search until approximately one year later in February 1992.
The law in Florida is clear that once an injured employee leaves his or her employment because of physical limitations arising from the compensable injury, such departure does not constitute voluntary limitation of income. See Dyer v. Lakeland Health Care Center, 582 So.2d 760 (Fla. 1st DCA 1991) (claimant did not voluntarily limit her income by refusing work when the evidence showed she had work restrictions and was not provided with needed assistance); Mackin v. Olde World Cheese Shop, 536 So.2d 301 (Fla. 1st DCA 1988) (claimant did not voluntarily limit her income by quitting her job; leaving was justified based on her physical difficulties arising from her injury). As claimant’s unrefuted evidence shows only that he left his employment because of the physical difficulties associated with his com-pensable injury, we cannot conclude that his departure supports a finding of voluntary limitation of income.
We likewise find no CSE supporting the JCC’s finding that claimant voluntarily limited his income by refusing offered light-duty employment. The record shows clearly that the employer offered light-duty work to claimant after claimant’s January 8, 1991 injury; it does not, however, show that the employer offered light-duty work to claimant after his second fall on February 20, 1991, following his termination in March 1991, or at any time before his surgery on February 19, 1992. Under the circumstances, the record provides no support for the JCC’s conclusion that claimant voluntarily limited his income for the entire period of his disability by refusing offered employment within his limitations.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on claimant’s claim for TPD benefits from February 20, 1991 through the date of the hearing.
BARFIELD and BENTON, JJ., concur.